MORRISON *v.* ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered October 5, 1908.

1. JUSTICE OF THE PEACE—STATEMENT OF CAUSE OF ACTION—SUFFICIENCY.—Under Kirby's Digest, § 4565, providing that ordinary actions shall be commenced in a justice's court by summons, but that before the summons is issued the plaintiff shall file the account or the written contract or a short written statement of the facts on which the action is founded, a statement filed in a justice's court which alleges that defendant railroad company is indebted to plaintiff for one cow killed by one of its east-bound trains on a certain day, and for a penalty in a sum named and for a reasonable attorney's fee, was sufficient, in the justice's court or in the circuit court on appeal, to admit of proof as to how defendant incurred such penalty and attorney's fee. (Page 427.)

2. PLEADING—FORMAL DEFECTS—REMEDY.—A complaint which is defective in form but not in substance may be reached by motion to make more specific, and not by demurrer. (Page 427.)

3. SAME—TIME OF AMENDMENT.—It is within the discretion of the trial court to refuse to permit a plaintiff to amend his complaint by asking for an increase of damages after a demurrer to the complaint has been sustained. (Page 427.)

4. APPEAL—PLEADINGS AS PART OF RECORD.—The pleadings in a cause are part of the record proper and need not be set forth in the bill of exceptions. (Page 427.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

### STATEMENT BY THE COURT.

The appellant brought suit before a justice of the peace in Benton County against appellee and alleged that (defendant) "was indebted to him in the sum of $38 for one cow killed by

one of its east-bound mixed trains, on April 16, 1907, about 2 o'clock P. M. That said company was indebted as a penalty in the sum of $38, and a further sum of a reasonable attorney's fee to be taxed by the court." Plaintiff asked judgment for $76, costs, and a reasonable attorney's fee. The justice thereupon issued a summons, whereby defendant was called upon "to answer the claims of plaintiff for one cow killed $38, and for penalty $38, and for reasonable attorney's fee." This summons embodying the plaintiff's itemized claim was served on the defendant by copy.

At the return day of the summons, the defendant failed to appear, and the justice heard the evidence and rendered judgment against the defendant for $38 for value of cow and $38 for penalty and $10 for an attorney fee; total $86.

On the 21st day of July, 1907, the defendant filed its affidavit for an appeal, and took a transcript of the proceedings and filed same in circuit court on August 31, 1907:

On September 21, 1907, the defendant in writing notified the plaintiff that if it failed in its defense the damage should be assessed at $38. The proposition was declined, and the notice and declination was filed in circuit court on September 25, 1907.

On the 25th day of September, 1907, the defendant filed its demurrer to the complaint and its answer. Thereupon the demurrer came on for hearing, and the court sustained the same as to the item of double damages and attorney's fees. The attorneys for appellant, treating the demurrer as a motion to make the complaint more definite and certain, offered to amend the complaint and set out more definitely its cause of action as to double damages and a reasonable attorney fee under act of 1907, but the court refused to permit the amendment. To the ruling of the court sustaining the "demurrer," and refusing plaintiff permission to amend and make the complaint more definite and certain, the plaintiff at the time excepted.

The plaintiff then asked to amend its complaint by alleging the value of the cow to be $50, instead of $38, but the court refused to permit the amendment, to which refusal the plaintiff at the time excepted.

The court then rendered judgment for plaintiff for $38, and taxed all the costs accruing since September 21, 1907, to

appellant. To this ruling of the court the plaintiff at the time excepted.

The plaintiff prayed an appeal from all the rulings of the court, to which he excepted, which was granted.

*Rice & Dickson,* for appellant.

1. The court ought not to have sustained the demurrer, but should have treated it as a motion to make the complaint more definite and certain. While the complaint was indefinite and uncertain, yet "the inference may be drawn therefrom by fair intendment that facts exist sufficient to constitute a cause of action." 52 Ark. 378; 75 Ark. 64, and cases cited; 77 Ark. 1; Pomeroy, Code Rem. § 549. Formal pleadings are not required in justice of the peace courts. Appellant should have been permitted to amend. Kirby's Dig. § § 6130, and 6145; 64 Ark. 253; 46 Ark. 254.

2. Appellant should have been allowed to amend so as to allege the value of the cow to be $50. 37 Ark. 548.

3. It was error to tax appellant with costs accrued after September 21, 1907. The offer was not a tender, no sum was offered to be paid unconditionally. Kirby's Dig. § § 983, 986. See also *Id.* § § 6277, 6283, 6278.

*B. R. Davidson,* for appellee.

1. There is nothing brought before the court. The proposed amendment is not brought upon the record by a bill of exceptions, and no bill of exceptions was filed. 2 Ark. 14; 9 Ark. 67; 36 Ark. 492; 38 Ark. 304; *id.* 568; 59 Ark. 178; 64 Ark. 483; *id.* 221; 65 Ark. 330; 70 Ark. 364. An entry of facts in the record will not be considered unless incorporated regularly in a bill of exceptions. 33 Ark. 830; 32 Ark. 539.

2. Penalty statutes are strictly construed, and the allegations must bring them within the letter and spirit of the law. 58 Ark. 39; 70 Ark. 329; 74 Ark. 364; 64 Ark. 271. It is in the discretion of the court to allow or disallow an amendment. Kirby's Dig. § 6145; 59 Ark. 165; 68 Ark. 314; 60 Ark. 526; 71 Ark. 222; 75 Ark. 369. The court is presumed to have exercised his discretion properly, and facts must be brought upon the record by bill of exceptions to show that he did not. 44 Ark. 482; 63 Ark. 540.

WOOD, J. (after stating the facts).   First.   No written pleadings are required in a justice's court nor in the circuit court on appeal from a justice of the peace.   *Mississippi Valley Const. Co.* v. *Chas. T. Abeles & Co., ante* p. 374; *Sparks* v. *Robinson,* 66 Ark. 460.

The written statement of the facts constituting appellant's alleged cause of action was sufficiently formal and definite to meet the requirements of sections 4565 and 4580 of Kirby's Digest as to the necessary statement of facts upon which the action is founded.

The appellant's written statement of facts, or "complaint," and the summons based thereon, notified appellee that it was being sued for the killing of appellant's cow by one of appellee's trains, and that for said killing damages were claimed in the sum of $38, also a penalty of $38, and a reasonable attorney's fee.   These statements were sufficient to admit of proof before the justice as to how appellee incurred and became liable, if at all, for the alleged penalty and attorney's fee.   *Bush* v. *Cella,* 52 Ark. 378.   Being sufficient in the justice's court, they were also sufficient in the circuit court, where the cause, on appeal, was for trial *de novo.*

Formal pleadings are not required before a justice of the peace, and on appeal to the circuit court a demurrer should not be sustained to the complaint.   *Chowning* v. *Barnett,* 30 Ark. 560.   Even if the written statement were defective in the particulars designated by the court, such defects were of form and not of substance, and the court in no event should have dismissed the complaint (*St. Louis, I. M. & So. Ry. Co.* v. *Moss,* 75 Ark. 64; *Choctaw, O. & G. Rd. Co.* v. *Doughty,* 77 Ark. 1), but should have allowed appellant to amend and set forth the particulars wherein it claimed that appellees had incurred the penalty prescribed by the statute.

Second.   To refuse to allow appellant to amend his complaint so as to allege the value of the cow killed to be $50, instead of $38, at that juncture in the proceedings was within the sound discretion of the trial court, and we can not say that the discretion was abused.   *Birmingham* v. *Rogers,* 46 Ark. 254.

The pleadings in a cause are part of the record proper, and are not required to be set forth in the bill of exceptions.   No

bill of exceptions was necessary to bring the error of sustaining the appellee's demurrer to the attention of this court. The ruling was properly entered of record.

Third. As the cause must be reversed and remanded for new trial, it would be premature to pass upon the question of costs.