LOCHRIDGE DRY GOODS COMPANY v. DANIELS.

Opinion delivered November 30, 1914.

1. JUSTICES COURTS—WRITTEN PLEADINGS—APPEAL.—In proceedings before a justice of the peace the pleadings may be oral and no greater formality is required where the case reaches the circuit court on appeal.

2. APPEAL—QUESTION NOT RAISED BELOW—PLEA OF LIMITATIONS.—Where the defense of the statute of limitations was not raised in the court below it can not be raised for the first time in the Supreme Court.

3. APPEAL—FAILURE TO PLEAD—JUSTICE COURT.—Although pleadings in the circuit court on appeal from justice court may be oral, the defendant can not urge the defense of limitations when the record does not show that that defense was in any way brought to the attention of the trial court.

4. APPEAL FROM JUSTICE COURT—AFFIDAVIT.—The filing of an affidavit is a prerequisite to the granting of an appeal by a justice, and where there is no showing that it was waived by the party against whom the appeal is taken, the circuit court should, on motion, dismiss the appeal.

5. APPEAL FROM JUSTICE COURT—FAILURE TO FILE AFFIDAVIT—WAIVER.—The party against whom an appeal from a justice court is taken, will be held to have waived his objections to the failure of the party appealing, to file an affidavit, when, all the parties come before the circuit court, the case is tried on its merits and no objection is made to the failure to file the affidavit.

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

STATEMENT BY THE COURT.

The Ferguson-McKinney Dry Goods Company, a corporation of St. Louis, Missouri, commenced this action before a justice of the peace against W. W. Townsend and the Kansas City Southern Railway Company to recover the value of a bale of sheeting. W. W. Townsend answered and denied liability and asked that Fred H. Daniels, doing business as the Daniels Transfer Com-

pany, be made a party defendant to the action and that he have judgment against it if the plaintiff should recover judgment against him. The Daniels Transfer Company was accordingly made a party defendant and subsequently the Lochridge Dry Goods Company was also made a party defendant. All of the parties appeared at the trial except the Kansas City Southern Railway Company, which made default. This fact is shown by the transcript of the justice of the peace. The justice's transcript also contains a recital as follows:

"This cause coming on to be heard on the 9th day of December, 1913, on the complaint of the plaintiff to recover $73.35 alleged to be due on account for one bale of sheeting shipped by the plaintiffs from Laurel, Mississippi, to Mena, Arkansas, to the order of plaintiff, and which the plaintiff claims was delivered to W. W. Townsend, one of the parties defendant in this action. In the original suit, the Daniels Transfer Company and the Kansas City Southern Railway Company were made defendants, and later Lochridge Dry Goods Company was made a defendant. All of the defendants except the Kansas City Southern Railway Company answered and were represented in court by counsel. This four-cornered case reminds us of the old game, 'Button, button, who's got the button?' Three of the four defendants appeared and each tried to escape liability for this elusive bale of sheeting; which was shipped by the plaintiff to itself."

The justice of the peace rendered a judgment in favor of the plaintiff against the Kansas City Southern Railway Company for $73.35. The record shows that both the railway company and the appellant filed affidavits for appeal before the justice of the peace. The record does not show that any of the other parties defendant filed an affidavit for appeal. The case was tried *de novo* in the circuit court and all the parties appeared and the cause was tried on its merits.

The facts, briefly stated, are as follows: In November, 1910, the Ferguson-McKinney Dry Goods Company sold to W. W. Townsend, a merchant of Mena, Arkansas,

two bales of sheeting. The bales of sheeting were shipped from the factory at Laurel, Mississippi, and were consigned to the Ferguson-McKinney Dry Goods Company at Mena. That company sent an order to the Kansas City Southern Railway Company to deliver the sheeting to W. W. Townsend. The Daniels Transfer Company operated a transfer line in the city of Mena, and had authority from W. W. Townsend and from the Lochridge Dry Goods Company to receive at the railway station of the Kansas City Southern Railway Company all goods that were shipped to them, and to deliver them at their respective places of business in the city of Mena. The undisputed evidence shows that the Daniels Transfer Company received the bales of sheeting from the Kansas City Southern Railway Company, and paid the freight therefor. It was the practice of the transfer company when goods were delivered to the merchant to have him check it, and to collect the freight which the transfer company had already paid to the railway company. The merchant then kept the freight bill and presented it to the Ferguson-McKinney Dry Goods Company in order that it might receive a rebate on the freight from that company. The freight bill so paid was called an expense bill. W. W. Townsend did not receive either bale of sheeting. Upon investigation afterward, it was discovered that one of these bales of sheeting had been delivered to the Lochridge Dry Goods Company, and the Lochridge Dry Goods Company turned the bale of sheeting over to the Daniels Transfer Company, together with the expense bill, and the transfer company in turn delivered the bale of sheeting to W. W. Townsend.

The other bale of sheeting was not found. The evidence shows that it was not received by W. W. Townsend and the evidence on the part of the Lochridge Dry Goods Company shows that it was not received by that company. The freight or expense bill for the lost bale of sheeting was found in the possession of the Lochridge Dry Goods Company, and the undisputed evidence shows that it was the practice of the transfer company, when it delivered

goods to Townsend, or to the Lochridge Dry Goods Company to also turn over to it the freight bill or expense bill. The court directed the jury to return a verdict in favor of the Daniels Transfer Company against the Lochridge Dry Goods Company. Other facts will be referred to in the opinion. From the judgment rendered, the Lochridge Dry Goods Company has duly prosecuted an appeal to this court.

*J. I. Alley,* for appellant.

1. There was a misjoinder of parties defendant. The statute, Kirby's Digest, § 6006, seems to imply that any party coming within its provisions may be made a party; but that is where the party makes the move himself. In this case the Lochridge Dry Goods Company claimed no interest in the controversy adverse to the plaintiff or otherwise; and it was not a necessary party to a complete determination of the issues involved between the plaintiff and the other defendants. 74 Ark. 57; 49 Ark. 160. Subdivision 1, § 6088, of Kirby's Digest, does not apply because Daniels Transfer Company did not file a cross complaint, and appellant could only be brought in upon cross complaint filed. 81 Ark. 328; 31 Ark. 345.

2. The evidence is not sufficient to sustain a verdict against appellant.

The fact that the expense bill, which had been receipted for by appellee for Townsend, was left at the wrong place, raises no presumption against appellant that it received the bale of goods, for it is admitted by appellee that he left this expense bill and one bale there by mistake. Appellee's mistake and error ought not to entitle him to recover against appellant, without proof that appellant received the goods and converted them to its own use. 70 Ark. 385; 34 Ark. 640; 57 Ark. 167; 47 Ark. 567.

The jury could not have arrived at a verdict against appellant except by conjecture, and such a verdict can not stand. 103 Ark. 64; 57 Ark. 204; 76 Ark. 436.

3. The cause of action as to this appellant was barred by the statute of limitations. Actions for trover

or conversion are barred if not brought within three years. Kirby's Dig., § 5604.

4. The judgment of the justice of the peace discharged the appellant from liability, and appellee did not appeal from that judgment. The judgment of the justice of the peace is final, so far as the issues between appellant and appellee are concerned.

*W. M. Pipkin,* for appellee.

1. If there was any defect of parties, or misjoinder of causes of action, it should have been met by demurrer in the circuit court. It is too late to raise the objection now. 95 Ark. 38; 105 Ark. 290; 39 Ark. 158.

The bar of the statute of limitations was not pleaded in the lower court. The question can not be raised here for the first time. 86 Ark. 608.

2. There was evidence tending to prove that appellant received the goods in controversy, and sufficient to sustain the verdict.

HART, J., (after stating the facts). (1-2-3) It is contended by counsel for appellant that the claim of the Daniels Transfer Company against the Lochridge Dry Goods Company is barred by the statute of limitations. No written pleadings were filed either in the justice court or the circuit court. It is well settled in this State that in proceedings before a justice of the peace, the pleading may be oral and no greater formality is required when the case reaches the circuit court on appeal. When the case reached the circuit court, the defendant may have indicated orally what his plea was, but there is nothing in the record to show that appellant pleaded the statute of limitations. The fact that it asked for a verdict in its favor was not equivalent to pleading the statute of limitations. The court's attention should have been specifically directed to the fact that appellant pleaded the statute of limitations in order that that plea might be available to the defendant as a defense to the action. This was not done, and it is settled that where the defense of the statute of limitations was not raised in the court below, it can not be raised for the first time in the Supreme

Court. *Mt. Nebo Anthracite Coal Company* v. *Martin,*
86 Ark. 608.

(4)    Again, it is contended by counsel for appellant
that no appeal was taken by the Daniels Transfer Com-
pany from the judgment of the justice of the peace and
that, therefore, the circuit court acquired no jurisdiction
to render judgment in favor of the Daniels Transfer Com-
pany against the Lochridge Dry Goods Company. It is
true we have held that the filing of an affidavit is a pre-
requisite to the granting of an appeal by the justice, and
that where there was no showing that it was waived by
the party against whom the appeal is taken, the circuit
court should, on motion, dismiss the appeal. *Billingsley*
v. *Adams,* 102 Ark. 511; *Merrill* v. *Manees,* 19 Ark. 647,
and cases cited.

(5)    In the case before us, no motion was made to
dismiss the appeal because no affidavit for appeal was
filed by the Daniels Transfer Company, and no objection
was made to the jurisdiction of the circuit court. All of
the parties to the action appeared in that court, and the
case was tried on its merits. Therefore, it may be con-
sidered that no affidavit for appeal was necessary on the
part of the Daniels Transfer Company. It was waived
by the Lochridge Dry Goods Company going to trial in
the circuit court without any objections on that account.

Moreover, the transcript of the justice of the peace
shows that the Lochridge Dry Goods Company was made
a party defendant to the action instituted by the Fergu-
son-McKinney Dry Goods Company. At whose instance
it was made a party is not shown. But the record does
show that it appeared before the justice of the peace, and
that the case was tried on its merits. The record also
shows that the Lochridge Dry Goods Company and the
Daniels Transfer Company both appeared in the circuit
court, and that the case was there tried on its merits. The
Ferguson-McKinney Dry Goods Company and the Kan-
sas City Southern Railway Company against which judg-
ment was rendered, both filed affidavits for appeal. The
justice of the peace had jurisdiction of the parties and

of the subject-matter of the suit. The object of the appeal was to lodge the case in the circuit court for a trial de novo. As we have already seen, all of the parties interested appeared in the circuit court and the case was there tried on its merits, without any objection being made as to the form or method of procedure, and it is too late now to make such objection.

The only contention made by the appellant in the court below was that there was not sufficient evidence to warrant a verdict against it. Appellant asked the circuit court to direct a verdict in its favor. This the court refused to do. No objection was made by the appellant to the instructions given by the court, and no exceptions were saved thereto. Therefore, the only question for our determination on this appeal is whether or not there was sufficient evidence to warrant the verdict against appellant.

The undisputed evidence shows that the Ferguson-McKinney Dry Goods Company sold the bale of sheeting in question to W. W. Townsend, and shipped it to Mena over the line of the Kansas City Southern Railway Company. The Ferguson-McKinney Dry Goods Company consigned the goods to itself at Mena, Arkansas, and gave an order on the Kansas City Southern Railway Company for the delivery of the goods to Townsend. The Daniels Transfer Company had general authority to receive from the railway company all goods to be delivered to either Townsend or to the Lochridge Dry Goods Company. The undisputed evidence shows that the Daniels Transfer Company received the bale of sheeting in question and paid the freight thereon. It was the custom of the transfer company and their practice to deliver the goods to the merchants who had purchased them and at the same time to check up the goods so delivered with the freight bill and to deliver the freight bill, or expense bill as they called it, to the merchant who received the goods. Evidence was adduced by Townsend and by the Lochridge Dry Goods Company to show that they did not receive the bale of sheeting in question. But, as we have already

seen, the testimony shows that the transfer company always delivered the freight bill or expense bill at the time the goods were delivered to the merchant. The expense bill for the bale of sheeting in question was afterward found in the possession of the Lochridge Dry Goods Company. It was also shown that goods which were not ordered by Townsend or by the Lochridge Dry Goods Company were sometimes received by them, and that sometimes the wholesale merchant would substitute goods. The evidence also shows that another bale of sheeting which was shipped at the same time to Townsend by the Ferguson-McKinney Dry Goods Company was received by the Lochridge Dry Goods Company. Under these circumstances, we think there was sufficient proof to warrant the jury in finding that the bale of sheeting in question was received by the Lochridge Dry Goods Company, and was used by it. Therefore the judgment will be affirmed.