ARKANSAS BRICK & TILE COMPANY *v*. CRABTREE.

Opinion delivered January 31, 1927.

COURTS—AFFIDAVIT FOR APPEAL—WAIVER.—Where plaintiff recovered
judgment against defendant in a municipal court, and defendant
appealed to the circuit court without filing the affidavit for appeal
required by Crawford & Moses' Dig., § 6513, and Acts 1915, p. 347,
§ 9, and plaintiff *in limine* objected to the jurisdiction of the cir-
cuit court, he will be *held* not to have waived the failure to file
the affidavit for appeal, and such failure is ground for dismissal.

Appeal from Phillips Circuit Court; *E. D. Robertson,*
Judge; reversed.

*A. D. Whitehead,* for appellant.

*W. G. Dinning,* for appellee.

WOOD, J. The Arkansas Brick & Tile Company
instituted this action in the municipal court of Helena,
Arkansas, against G. W. Crabtree to recover the sum of
$108.48 on an alleged check given by the defendant to the
plaintiff. Judgment was obtained for the above amount
in the municipal court. The defendant prayed and
was granted an appeal to the circuit court. An order was
entered in the circuit court reciting that the cause had
been appealed from the municipal court of the city of
Helena, Arkansas. The plaintiff moved to dismiss the
appeal on the ground that the transcript "sent up from
the municipal court does not show that an affidavit for an
appeal was filed in the said court, as required by the first
paragraph of § 6513 of Crawford & Moses' Digest."

The circuit court overruled the motion to dismiss,
and the plaintiff duly excepted to the court's ruling.
The cause thereupon proceeded to a hearing, and judg-
ment was rendered in favor of the defendant, from which
the plaintiff duly prosecutes this appeal.

The law requires an affidavit for an appeal from a
justice court to the circuit court as a prerequisite to the
circuit court's jurisdiction to entertain an appeal, and,
unless waived, is ground for dismissal. Section 6513, C.
& M. Digest; *Merrill* v. *Manees,* 19 Ark. 647; *Billingsley*
v. *Adams,* 102 Ark. 511. The appellant *in limine*

objected to the jurisdiction of the circuit court, and therefore did not waive the affidavit for appeal. See *Elder* v. *Crabtree,* 59 Ark. 177; *Lochridge Dry Goods Co.* v. *Daniels,* 115 Ark. 423-429. This is likewise the law as to appeals from municipal courts. Act 87 of the Acts of 1915, § 9, p. 342-347.

We find no affidavit for appeal in this record. This is not a case where a defective affidavit was filed, but where there is no affidavit at all. The judgment is therefore reversed, and the cause is remanded, with directions to the trial court to require the municipal court to amend the transcript so as to show that an affidavit for appeal was made, if it can be done consistently with the truth, and that the cause be tried *de novo.* But, upon failure of the appellee to thus perfect his transcript, the same shall be dismissed by the trial court. See *Merrill* v. *Manees, supra,* at page 649.