ARKANSAS BRICK & TILE COMPANY *v.* CRABTREE.

Opinion delivered May 7, 1928.

*A. D. Whitehead,* for appellant.

*W. G. Dinning,* for appellee.

MEHAFFY, J.  This is the second appeal in this case. The opinion on the former appeal is in 172 Ark. 752, 290 S. W. 361.  On the former appeal this court said: "The law requires an affidavit for an appeal from a justice court to the circuit court as a prerequisite to the circuit

court's jurisdiction to entertain an appeal, and, unless waived, is ground for dismissal. * * * The appellant *in limine* objected to the jurisdiction of the circuit court, and therefore did not waive the affidavit for appeal. * * * This is likewise the law as to appeals from municipal courts. * * * We find no affidavit for appeal in this record. This is not a case where a defective affidavit was filed, but where there is no affidavit at all. The judgment is therefore reversed, and the cause is remanded, with directions to the trial court to require the municipal court to amend the transcript so as to show that an affidavit for appeal was made, if it can be done consistently with the truth, and that the cause be tried *de novo*. But, upon failure of the appellee to thus perfect his transcript, the same shall be dismissed by the trial court." *Ark. Brick & Tile Co.* v. *Crabtree,* 172 Ark. 752, 290 S. W. 361.

The municipal court amended its transcript so that it contains the following: "Thereupon, the defendant having filed his affidavit for appeal as required by law, and his motion for appeal, which said motion was granted by the court, and all the papers in the case are transferred to the Phillips Circuit Court."

Appellant contends that this amendment is not sufficient to comply with the statute and the decision of this court on former appeal. The statement in the judgment of the municipal court that the defendant had filed his affidavit as required by law is sufficient, unless the other party had shown that no affidavit was in fact filed. The presumption is that the judgment reciting the fact that an affidavit as required by law had been filed is correct.

Appellant introduced the attorney for appellee, who testified that he did not know whether he filed an affidavit for an appeal in this case or not. He did not say that he did or that he did not. And here the appellant rested, so far as any effort to show whether or not the recital of the judgment of the municipal court was correct. The municipal judge evidently knew whether an affidavit as

required by law had been filed, and could have been required to testify, but, since this was not done, and since there is no testimony showing that the affidavit was not filed, the recital in the judgment that it was filed will be presumed to be correct.

The decision in this case on former appeal is the law of the case on the questions decided by this court on that appeal. And the court there held that the cause was reversed, and remanded with directions to the trial court to require the municipal court to amend the transcript so as to show that an affidavit for appeal was made, if this could be done consistently with the truth. The municipal court made the correction as required by the opinion of this court on former appeal, and the opinion on that appeal is the law of the case now.

As we have said, there was no effort to show that an affidavit was not filed other than the questions asked the attorney for the other party, and his statement that he did not know whether he filed an affidavit or not is not sufficient to overcome the recital in the judgment that the affidavit was filed.

It is insisted by the appellant that, because a check was deposited in the First National Bank and credited to the account of appellant's agent, said bank was a *bona fide* holder, and that there is a rule that the drawer of a check cannot stop payment of it after it has passed into the hands of a *bona fide* holder. Appellant calls attention to the case of *Gage Hotel Co.* v. *Union National Bank,* 171 Ill. 531, 49 N. E. 420, 39 L. R. A. 479, and the case of *Union National Bank* v. *Oceana County Bank,* 80 Ill. 212. These cases have no application here, for the reason that appellant in this case did not sue the bank, and it is wholly immaterial whether appellee could have stopped payment on the check or not. This question would have been involved if the suit had been against the bank, but the appellant sued the appellee, the maker of the check, and, of course, the question then was whether the appellee owed appellant the amount of the check.

And this is the only other question discussed by the appellant.

The court gave to the jury the following instruction: "Gentlemen of the jury, this is a suit brought by the Arkansas Brick & Tile Company against G. W. Crabtree upon a check executed by the defendant, G. W. Crabtree, to the plaintiff in payment of a carload of brick. It is admitted upon the part of the defendant that he purchased the brick from the plaintiff, and upon that admission, gentlemen of the jury, you are instructed that the burden is on the defendant to show payment for the brick. It is also claimed on the part of the defendant that he paid one Mr. Foster, who he claims represented the Arkansas Brick & Tile Company. You are instructed that the burden is upon him to show that Mr. Foster was an agent of the plaintiff and that he had a right to receive the payment, if he did so receive the payment."

The above instruction submitted the question of payment and the question of the agency of Foster to the jury properly. And there was substantial evidence to sustain the verdict of the jury. The court told the jury that defendant admitted getting the brick and the burden was on him to show payment. The jury were also instructed that the burden was upon the defendant to show that Foster was the agent and had a right to receive the money. These were questions of fact to be determined by the jury, and the verdict of a jury, if supported by any substantial evidence, is conclusive here. This court does not pass upon the credibility of witnesses nor the weight to be given to their testimony.

The appellant insists that the court erred in refusing to give instructions requested by it. Number two requested by the appellant is a peremptory instruction telling the jury that, if they find from the evidence that the plaintiff purchased the goods and gave the check, they should find for the plaintiff. This instruction was erroneous because, although the defendant gave the check, he would still have a right, when sued for the amount, to show that it had been paid,

Number three requested by appellant is fully covered by the instruction the court gave, and number four is also covered by the instruction given. Number five is erroneous because it tells the jury that they must find for the defendant unless the plaintiff shows fraud or undue influence. Neither fraud nor undue influence was an issue in the case. The only questions in the case are, first, whether payment was made to Foster, and second, whether Foster had authority to bind the appellant by receiving payment. The undisputed testimony showed that Foster was a representative of the plaintiff, that he ordered the goods himself, and that this was the fourth car ordered from the appellant, and that other payments for cars bought from appellant through Foster were made in the same way. It is true the appellant's witnesses testified that Foster had no authority as agent to collect the money, but there was sufficient evidence to take the question to the jury as to whether Foster had such authority, and, as we have said, the finding of the jury under proper instructions is conclusive here.

The judgment of the circuit court is therefore affirmed.