W. P. GALLOWAY COMPANY v. PURYEAR.

Opinion delivered May 13, 1929.

*Ben D. Brickhouse* and *Linwood Brickhouse,* for appellant.

HUMPHREYS, J. This is an appeal from a verdict and judgment in favor of appellee against appellant for $300, rendered in the circuit court of Washington County, on appeal from the court of a justice of the peace in Springdale Township, wherein appellant was plaintiff and appellee was defendant, in an action of replevin to recover a Frigidaire electric refrigerator, which appellant had sold to appellee under a title-retaining contract and note, after default had been made of the first installment set out in said note.

Appellee filed no written answer in either court, and the record made up and brought up to this court does not reflect what oral defenses she interposed to the complaint. It was not necessary for her to file any written answer, as the suit was commenced in the court of a justice of the peace. In a magistrate's court pleadings may be oral. Section 6426, Crawford & Moses' Digest; *Morrison* v. *Railway,* 87 Ark. 424, 112 S. W. 975; *Lochridge Dry Goods Co.* v. *Daniels,* 115 Ark. 423, 171 S. W. 863. The verdict which was returned in the instant case is as follows:

"We, the jury, find for the defendant in the sum of $300. W. H. Johnson."

The judgment rendered by the court upon the verdict is as follows:

"It is therefore ordered, considered and adjudged by the court that the plaintiff take nothing from the defendant by reason of this suit, and that the defendant do have and recover of and from the plaintiff the sum of $300 and her costs herein laid out and expended."

The appeal to this court is from alleged errors appearing on the face of the verdict and judgment because not in the alternative for the return of the property or it's value. Appellant contends for a reversal of the verdict and judgment because same are not responsive to the issues which could have been joined in a replevin suit. As there were no pleadings, and the testimony was not preserved and brought into the record, it is impossible to determine what issues were joined in the replevin suit. We cannot agree with appellant in its contention that the verdict and judgment could not have been justified by any issues which might have been joined. It may be that appellee pleaded and proved that the Frigidaire electric refrigerator was worthless on account of defects, and that she had made a $300 cash initial payment, under the belief that it was perfect, which appellant should refund to her; or it may be that she pleaded and proved a warranty as to the quality and kind of the machine, which appellant had breached, and on that account entitled her to recover such purchase money as she might have paid; or it may be that appellee pleaded and proved payment or a set-off, and that, after the seizure of the machine under the writ of replevin, it was lost or destroyed and could not be returned, which would have authorized the return of a verdict and the rendition of a judgment for its value. Since the verdict could have been returned and the judgment rendered upon an issue properly joined in a replevin suit, this court must presume that the issue or issues were joined which warranted the verdict and judgment in the forms returned and rendered. In § 1195 of Crawford & Moses' Digest counterclaims may now be interposed as defenses in any cause of action, replevin or otherwise.

This court said in the case of *Brunswick-Balke-Collender Co.* v. *Culberson*, 178 Ark. 957, 21 S. W. (2d) 903, that: "There is no reason why a counterclaim is not proper in a replevin suit, where it is simply replevin in form and is an action in debt in reality." The instant

case is one for an action in debt in reality, although in form an action in replevin.

No error being apparent on the face of the record, the judgment is affirmed.

SMITH, J., concurs.