Robinson, J. This is an appeal from an order of the St. Francis Circuit Court dismissing an appeal from the municipal court of Forrest City because appellant failed to make or file with the municipal court an affidavit stating “that the appeal is not taken for the purpose of delay, but that justice may be done,” as required by Ark. Stat. § 26-1302. It is the contention of appellant, Chicago, Rock Island & Pacific Eailroad Company, that Ark. Stat. § 22-707 is controlling and that this section does not require the filing of the affidavit mentioned in § 26-1302. Section 22-707 is § 7 of Act 60 of 1927 as amended by Act 280 of 1941; it does not provide for the making of the affidavit mentioned. However § 22-708, which is § 8 of the 1927 Act, provides: “All provisions of the general laws applying to Police Courts in cities of the first class, and to the judges thereof, not inconsistent with the provisions of this Act, and all provisions of the general laws applying to Justices of the Peace not inconsistent with the provisions of this Act, or with the provisions of the general laws to Police Courts in cities of the first class and the judges thereof, shall apply with like force and effect to Municipal Courts and the Judges thereof. ’ ’ In Arkansas Brick & Tile Co. v. Crabtree, 172 Ark. 752, 290 S. W. 361, the court said: “The law requires an affidavit for an appeal from a justice court to the circuit court as a prerequisite to the circuit court’s jurisdiction to entertain an appeal, and, unless waived, is ground for dismissal . . . This is likewise the law as to appeals from municipal courts. Act 87 of the Acts of 1915, § 9, page 342-347.” It is the contention of appellant that the Crabtree decision, rendered January 31, 1927, was prio.r to the adoption of the 1927 Act as amended hy Act 280 of 1941, and that the opinion only deals with- the 1915 Act; thus appellant says the decision in the Crabtree case is not controlling. However, that part of the 1915 Act on which the Crabtree case is based is identical with the 1927 Act, nor did the 1941 Act amend this section of the 1927 Act, there being no change with reference to requiring an affidavit as a prerequisite to an appeal from the municipal court to the circuit court. Neither Act specifically mentions the necessity of making such an affidavit; however, § 9 of Act 87 of 1915, § 8 of Act 60 of 1927, and Ark. Stat. § 22-708, quoted above, are identical; and as construed in the Crabtree case, require the affidavit as provided by Ark. Stat. § 26-1302. None of these sections are mentioned in the 1941 Act, but appellant contends they were repealed by implication insofar as requiring an affidavit for appeal. Act 280 of 1941 amends Act 60 of 1927, Ark. Stat. § 22-707, by making it clear that the Act only applies to civil cases, and further that before the appeal can be lodged in circuit court certain costs must be paid, and that within five days after the payment of such costs the clerk of the municipal court shall lodge a transcript in circuit court. The appellant maintains that this amendment does away with the requirement of the affidavit as provided in § 26-1302; that $ 22-707 sets out all the steps necessary to perfect an appeal; and that hence § 26-1302 is repealed by implication. We have held that where an act of the legislature deals with an entire subject anew, and it is apparent from the mere reading of the new act that it was the intention of the general assembly to cover the entire subject, plainly showing that the new act was intended as a substitute for the old act, there is a repeal by implication ; but repeals of this kind are looked on with disfavor. In Forby v. Fulk, 214 Ark. 175, 214 S. W. 2d 920, this court quoted with approval from Coates v. Hill, 41 Ark. 149, as follows: “Repeals by implication are not favored. To produce this result, the two acts must be upon the same subject and there must be a plain repugnancy between their provisions; in which case the latter act, without the repealing clause, operates to the extent of repugnancy, as a repeal of the first. Or, if the two acts are not in express terms repugnant, then this latter act must cover the whole subject of the first and embrace new provisions, plainly showing that it was intended as a substitute for the first. United States v. Tynen, 11 Wall 88, 20 L. Ed. 153.” In addition to § 22-707-8, § 26-1301-24 deal with appeals from Justice of the Peace courts, and therefore in accordance with § 22-708 may be applicable in appeals from municipal courts. § 26-1302 also provides for a supersedeas bond and it could hardly be said a bond is no longer necessary to supersede the judgment. Hence it can not be said that Act 280 of 1941 covers anew the entire subject of appeals from municipal court to circuit court, thereby repealing by implication § 26-1302 requiring the affidavit. The court was correct in dismissing the appeal because of the failure to file the affidavit. The judgment is therefore affirmed. The Chief Justice and Justices Holt and Ward dissent.