J. Seaborn Holt, J., dissenting. The General Assembly in 1941 passed Act 280 (now Section 22-707, Ark. Stats. 1947) and digested under the heading “appeals — Costs—-Time of Trial,” which provides (in its entirety: “ACT 280. AN ACT To Amend the Municipal Court Act, § (7) of Act 60 of the General Assembly of 1927, Approved February 28, 1927, § 9903 of Pope’s Digest. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS: Section 1. That Section Seven (7) of Act 60 of the General Assembly of 1927, Section 9903 of Pope’s Digest, be amended as follows: ‘All appeals (of civil cases) from Municipal Courts must be taken and the transcripts of appeal lodged in the office of the Clerk of the Circuit Court within thirty days after judgment is rendered, and not thereafter, (only after the party appealing has paid to the Clerk of the Municipal Court the costs now allowed for the preparation of the transcript, and also the filing costs due the circuit clerk. The Clerk of the Municipal Court shall within five days after such payment lodge such transcript with the circuit clerk and pay to him the amounts due as filing costs.) The Circuit Court shall advance on its docket such causes on appeal and the same shall stand for trial de novo in the Circuit Court ten days after being docketed.’ “Section 2. That all laws and parts of laws in conflict herewith are hereby repealed and this act being necessary for the immediate preservation of property, public health and safety, an emergency is hereby declared to exist and the same shall be in full force and effect from and after its passage. APPEOYED: March 26, 1941.” It will be noted that the above Act (#280) amends § 9903, Pope’s Digest (Act 87 of the laws of 1915) by adding the following language: “of civil cases,” “only after the party appealing has paid to the Clerk of the Municipal Court the costs now allowed for the preparation of the transcript, and also the filing costs due the circuit clerk. The Clerk of the Municipal Court shall within five days after such payment lodge such transcript with the circuit clerk and pay to him the amounts due as filing costs.” Prior to this 1941 amendment, this court had decided in 1927 (Acme Brick and Tile Company v. Crab-tree, 172 Ark. 752, 290 S. W. 361) that the filing of an affidavit that the appeal was not taken for delay, was a prerequisite for an appeal from the Municipal Court to the Circuit Court. The present 1941 Act is a comprehensive act, applying only to civil cases from the Municipal Court and clearly sets out the necessary steps to follow in taking-such appeal, which are “(1) Payment to the Clerk of the Municipal Court of costs for preparing the transcript; (2) Payment to the Municipal Clerk of filing' ¡costs due the Circuit Clerk; (3) Taking the appeal and lodging the transcript of appeal in the office of the Circuit Clerk within 30 days after judgment is rendered. ’ ’ It is undisputed that appellant took all these steps and having done so, the following duties become mandatory on the Municipal Court Clerk: He shall lodge the appeal with the Circuit Clerk and pay to the Circuit Clerk all filing costs due. After this is done, the Circuit Clerk shall advance the case on the docket for appeal and same shall stand for trial de novo in the Circuit Court ten days after so docketed. The word shall used in this act is clearly mandatory. “It is the general rule that in statutes the word ‘may’ is permissive only, and the word ‘shall’ is mandatory.” State v. Wymore, 343 Mo. 98, 119 S. W. 2d 941. “The word ‘shall’ in its ordinary sense is imperative. When the word ‘shall’ is used in a statute, and a right or benefit to anyone depends ujjon giving it an imperative construction, then that is to be regarded as peremptory.” Ballou, v. Kemp, 92 P. 2d 556. The prerequisites for appeal under Act 280 seem to me to be inconsistent with the former statute (in effect prior to this 1941 act) requiring the filing of an affidavit as a prerequisite to appeal. I think this 1941 act was intended by the lawmakers to' embrace all the mandatory and necessary requirements for appeal in civil cases only, to simplify and facilitate such appeals, and was enacted to cover the entire appellate prerequisites in civil cases, and to remove and by implication repeal the requirement for the affidavit prior to its enactment. “The right of appeal is given in all cases by our Constitution, and the majority of the court is of the opinion that statutes regulating it should be construed so as to facilitate rather than impede its exercise. ’ ’ McNutt v. State, 163 Ark. 122, 259 S. W. 1. Act 280 is couched iu such plain and unambiguous language that no judicial construction seems necessary. I would reverse. The Chief Justice and Justice Ward join in this dissent.