[No. 4783.   Decided December 17, 1903.]

J. P. KIRBY, *Appellant* v. JOHN A. PEASE *et al., Respondents.*[1]

ACTIONS—BAR BY PREVIOUS SUIT—DISMISSAL—GROUNDS OF MOTION—PROHIBITED LITIGATION.  Where the superior court has once litigated the question of the death of a party, and has been prohibited by the supreme court from relitigating the same, it is justified in granting a motion to dismiss an action brought to relitigate the question, as "impertinent, vexatious, and contemptuous," since any sufficient ground may be stated.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered April 6, 1903, dismissing an action as vexatious.   Affirmed.

*John M. Boyle* and *Frank H. Graham,* for appellant.

*R. F. Laffoon* and *E. E. Cushman,* for respondents.

MOUNT, J.—This was an action to set aside a sale of real estate.   It is alleged in the complaint, that in 1896 an action was commenced in the superior court of Pierce county wherein Henry Holgate was plaintiff and Samuel Parker and J. P. Kirby were defendants; that in February, 1898, before the issues were made up, the plaintiff therein, Henry Holgate, died and no administration was had upon his estate; that in the month of December, 1898, after the attention of the trial court had been called to the fact of the death of the plaintiff therein, a judgment was

[1]Reported in 74 Pac. 665.

entered against the said defendant Kirby, and in favor of
said Holgate; that on November 26, 1902, an execution
was issued upon the said judgment, and the property de-
scribed in the complaint was sold thereunder, and respond-
ent Pease became the purchaser; that the judgment, and all
proceedings had thereunder, were void because the plaintiff
in the action was dead at the time the judgment was ob-
tained.

When the respondents were served with the summons,
they appeared and moved the court to dismiss the action,
upon the ground that the action was "impertinent, vex-
atious, and contemptuous." This motion was supported
by an affidavit showing that the question involved was *res
adjudicata* in *Holgate v. Parker et al.*, wherein the ques-
tion of the death of Holgate had been litigated, and that
the lower court had been prohibited by this court, in *State
ex rel. Holgate v. Superior Court,* 21 Wash. 33, 56 Pac.
932, from again trying the question whether Holgate was
dead at the time the judgment was rendered. This motion
was sustained and the action dismissed. Plaintiff appeals.

The only question discussed upon this appeal is that the
grounds stated in the motion for dismissal are not grounds
recognized by statute. It is true that the grounds stated
in the motion, viz., that the action is "impertinent, vex-
atious, and contemptuous," are not designated by the code
as grounds for the dismissal of an action. In fact, we find
no provision of the code designating the grounds upon
which an action may be dismissed. Any sufficient ground
may therefore be stated. The affidavit accompanying the
motion called the attention of the trial court to the fact
that the parties to this action are the same, and the question
of the death of Holgate the same, as in the case of *State
ex rel. Holgate v. Superior Court,* wherein the trial court
was prohibited from again trying that question. When

these facts appeared, the trial court was certainly justified in dismissing the action. It could not be required by a party to an action to violate an order of this court.

The judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.