## BILLINGSLEY *v.* ADAMS.

### Opinion delivered March 4, 1912.

1. APPEAL AND ERROR—PRESUMPTION WHERE EVIDENCE IS NOT ABSTRACTED.—Where the evidence heard by the trial court is not abstracted, it will be presumed that the court's finding was sustained by sufficient evidence. (Page 512.)

2. JUSTICE OF THE PEACE—APPEAL—NECESSITY OF AFFIDAVIT.—The filing of an affidavit for appeal is prescribed by the statutes as a prerequisite to an appeal from a justice of the peace, and unless waived is ground for dismissal. (Page 513.)

3. SAME—MOTION TO DISMISS APPEAL—EFFECT OF DELAY.—Mere delay from one term to another before moving to dismiss an appeal from a justice of the peace for want of an affidavit for appeal, where the rights of the party appealing were not prejudiced by the delay, did not constitute a waiver of the omission to file the affidavit. (Page 513.)

4. SAME—EFFECT OF DISMISSING APPEAL.—Where an appeal from a justice of the peace is dismissed for want of an affidavit, it was error to render judgment on the appeal bond. (Page 513.)

Appeal from Izard Circuit Court; *J. W. Meeks*, Judge; reversed in part.

*J. B. Baker*, for appellant.

1. The affidavit for appeal and the payment of the fee for transcript is all that is requisite for an appeal. Kirby's Digest, § 4666; 19 Ark. 647; 96 *Id*. 332. If there was no appeal, the circuit court had no jurisdiction, and the court erred in affirming the judgment. 19 Ark. 647; Kirby's Digest, § 4664.

2. It was error to render judgment against the bondsmen. Kirby's Digest, § 4666; 19 Ark. 647.

3. The taking of an appeal consists of filing an affidavit with the justice. Kirby's Digest, § 4666, subd. 1, and § § 4667, 4670-2-6-7; 67 Ark. 493; 70 *Id*. 102; 12 *Id*. 80. The oath was made and filed with the justice—that was all that was requisite. Kirby's Digest, § 4666; 35 Ark. 212; 96 *Id*. 332.

*Chas. F. Cole*, for appellee.

1. No affidavit for appeal was filed. Kirby's Digest, § 4666; 19 Ark. 647.

2. It is the duty of appellant to see that the appeal, is perfected in time. 48 Ark. 73; 31 *Id*. 268; 32 *Id*. 292; 31 *Id*. 558.

3. The statutory requirements for an appeal can not be dispensed with. 2 Enc. Pl. & Pr. 234; 24 Ark. 282; 7 Ark. 514; 10 *Id*. 308.

4. The dismissal of the appeal necessarily gave judgment on the bond according to its terms.

McCULLOCH, C. J. Appellee sued appellant on a promissory note before a justice of the peace, and recovered a judgment, from which an appeal was taken to the circuit court. At the first term of the circuit court there were no proceedings in the cause, except that on application of appellant the cause was continued to the next term; and at the next term appellee moved for dismissal of the appeal on the ground that no affidavit for appeal had been filed. Appellant offered to file a substituted affidavit, but the court denied the request on the ground that no affidavit had been filed with the justice of the peace, and dismissed the appeal. From that judgment an appeal to this court has been prosecuted.

The evidence heard by the court is not abstracted. There-

fore, we must indulge the presumption that the court's finding that no affidavit for appeal had ever been filed with the justice is sustained by sufficient evidence. The filing of an affidavit is prescribed by statute as a prerequisite to an appeal, and unless waived is ground for dismissal. *Merrill* v. *Manees*, 19 Ark. 647.

Appellee did not take any substantive steps in the case before moving for the dismissal of the appeal; and mere delay from one term to another, where appellant's rights were not prejudiced by the delay, did not constitute a waiver of the omission to file the affidavit. When the appeal was dismissed for want of an affidavit, it was error to render judgment on the appeal bond. The judgment of the court in dismissing the appeal is affirmed, but the judgment on the bond is reversed and quashed.