## Amanda Lukens et al., Appellants, v. Old Colony Life Insurance Company, Appellee.

1. ACTION—*when evidence sufficient to show that suit is collusive.* In an action on an assigned insurance policy, in which an intervening petition was filed, evidence *held* sufficient to show that the policy was purchased by funds of the defendant and that the suit was collusive.

2. ACTION—*when collusive suit dismissed.* While a collusive suit is still pending on an assigned benefit insurance certificate purchased with funds of the company, the court will, on intervening petition of the parties in interest, dismiss such suit.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1914. Suit dismissed. Opinion filed October 13, 1915.

J. H. WESTOVER, for appellants.

NEWMAN, LEVINSON, BECKER & CLEVELAND and BOTSFORD & McCARTHY, for appellee; W. P. THORNTON and L. R. ATKINS, of counsel.

DAVID K. TONE and HENRY M. ASHTON, for intervening petitioners.

MR. JUSTICE GRAVES delivered the opinion of the court.

Joseph S. Lukens, now deceased, in his lifetime held

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a policy of life insurance for $2,000 on his own life, issued by the Knights of Globe Mutual Benefit Association, the name of which company was afterwards changed to the Cosmopolitan Life Insurance Association. There were numerous other policies of the same kind issued by that company to other persons, who at the beginning of this litigation had also departed this life. It was contended by several beneficiaries in these policies that the Old Colony Life Insurance Company had in 1909 taken over all the property and assets of the Cosmopolitan Company under a contract of reinsurance entered into between the two companies and was liable on these policies.

Between November 20, 1911 and February 23, 1912, sixteen suits had been begun in the Municipal Court of Chicago against the Old Colony Company to recover the aggregate sum of $28,124 on the basis that it was so liable. On March 27, 1912, this suit was begun in Sangamon county in the name of Amanda Lukens, the widow, and Roy C. Lukens, Anna Lukens, Ada Lukens, William J. Lukens and Elsie Lukens, the children and heirs of Joseph S. Lukens, deceased, against the Old Colony Company to recover on the policy issued to Joseph S. Lukens, deceased, on the same theory on which the other suits rest.

The Old Colony Company entered its appearance and filed its plea in the Lukens suit on the same day that suit was begun. In July of the same year a judgment was entered in that suit for the defendant, and the plaintiffs appealed to this court, and the same was taken by this court at the October term, 1912, on briefs and abstracts filed. Later Amanda Lukens, the widow, and the other next of kin of Joseph S. Lukens filed an intervening petition in this court, alleging that this suit was begun by J. S. Westover, who appeared as the attorney of record, without their knowledge or consent, and prayed that the same be dismissed, and one Clare De Graw, the plaintiff in one of the cases

begun in the Municipal Court of Chicago, also .filed
herein her intervening petition, by which she repre-
sented to this court the pendency of the suit in the
Municipal Court heretofore mentioned, and that these
suits involved the same questions as are involved in
this suit, and on information and belief that this suit
was collusively instituted in the Circuit Court of San-
gamon county by the officers, employees and agents
of the Old Colony Company for the purpose of secur-
ing a judgment in the Supreme Court of this State
favorable to that company, and a holding that it was
not liable on the reinsurance contract.   The Old Col-
ony Company answered these petitions denying that
this suit was collusive.   The issues so made up were
referred by this court to one Joel C. Fitch, as special
commissioner, to take and report to this court the evi-
dence offered by the respective parties thereon.   The
evidence has been taken by the special commissioner
so appointed and filed in this court, and the cause is
now before us for determination.   In the view we take
of the case it is only necessary to determine the ques-
tions raised by the intervening petitions and the
answers thereto.

The preponderance of the evidence shows that
Joseph S. Lukens resided at Plattfield, Kendall
county, Illinois, at the time the policy in question was
issued to him; that he later removed to Coloma, Michi-
gan, where he resided for about seven years and where
on December 20, 1911, he died; that shortly thereafter
one Anna Lukens, a daughter of Joseph, wrote to the
Old Colony Company, the appellee here, notifying it
of the death of her father and requesting payment of
the policy in question; that in February, 1912, one
H. A. Sibley went to Coloma, Michigan, and took with
him the letter written by Anna to appellee above re-
ferred to and also a letter written by Joseph S. Lu-
kens in his lifetime to appellee ''about dropping'' his
insurance; that Sibley said, in substance, in the pres-

ence of Amanda Lukens, Roy C. Lukens, William Lukens and some others, that he was in the employ of, or represented the Old Colony Company and that there was no chance to recover anything of the company on the policy, but that he wanted to institute a friendly suit against the company to show other policy holders who were bringing other suits against the company that there was no chance to recover anything on their policies; that he also said he was willing to pay $100 for the Lukens claim against the company; that he procured a writing purporting to be an assignment of all claims the Lukens family had against the Old Colony Company, as well as all they had against the Cosmopolitan Life Insurance Association, and purporting to authorize the assignee to sue for, collect, recover, compromise or release the claims so assigned, but that the name of the assignee was not in the writing when the same was delivered; that Sibley paid $100 for that writing; that he was at the time and for a year previously thereto had been in the employ of the Old Colony Company and sustained confidential relations with the vice president of that company; that the money paid for the purported assignment was furnished by that company; that Bevins, whose name was found in the assignment when the same was produced at the hearing, was an insurance man on friendly terms with the officers of the Old Colony Company and frequently turned over business to them that he could not do for his company and received like favors from them; but that he had no personal interest in this litigation or in the purported assignment purchased from the Lukens family or in the money paid for the same.

From the evidence before us we are forced to the conclusion that the purchaser of the Lukens claim by Sibley was for the Old Colony Company and with its money, and was not for Sibley or for Bevins; that this suit was begun with the knowledge and at the conniv-

ance of the officers of that company and was not only friendly but was collusive.

The Supreme Court in *In re Burdick,* 162 Ill. 48, on page 52 says: "It is settled law that while a collusive or fraudulent suit is still pending the court will, at the suggestion of either party to the record, or a person in interest or who may be prejudiced by the judgment, or even at the instance of a stranger who appears as *amicus curiæ,* or upon its own motion, dismiss such suit out of court."

And in *McAdam v. People,* 179 Ill. 316, the court said:

"Where there is no real controversy there is nothing to decide. Besides, the court receives no assistance, but is misled by the researches and labor of counsel in such cases. There is sufficient legitimate business here to demand all our time and attention without having the dockets clogged by cases of this character."

The prayer of the intervening petition is therefore granted and this suit is dismissed. The costs of both courts to be taxed to appellee.

*Suit dismissed.*