ARMSTRONG *v.* LAWSON, ADMINISTRATOR.

Opinion delivered March 12, 1917.

APPEAL AND ERROR—APPEAL FROM PROBATE COURT—ORDER OF DISMISSAL.—The action of the circuit court in dismissing an appeal from the probate court held proper where the record failed to disclose that appellant, who had made himself a party in the probate court, was either a creditor or distributee of the estate involved.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; affirmed.

*J. C. Brookfield,* for appellant.

1.  No bill of exceptions or motion for new trial was necessary. Where the error appears of record in the judgment neither is necessary, and this court will reverse. 125 Ark. 305; 46 Ark. 17, 21, 468, 474. Appellant did everything required by the Acts 1909, page 957. The cause should have been reinstated and the appeal allowed, upon the showing made.

*S. R. Simpson,* for appellee.

1.  There is nothing before this court. Appellant was not a party and could not appeal. 123 Ark. 61; 68 *Id.* 492; Kirby's Digest, § 140; Acts 1909, p. 957; 119 Ark. 185; 105 *Id.* 301; 121 *Id.* 448; 123 *Id.* 61; 99 *Id.* 56.

2.  No bill of exceptions was filed and no motion for new trial was filed. It is not shown that appellant was an interested party. He is a stranger to the suit. Kirby's Digest, § 1351; 123 Ark. 61; 68 *Id.* 492; 99 *Id.* 56; 119 *Id.* 185; 123 *Id.* 61.

McCULLOCH, C. J.  The appellant, W. W. Armstrong, undertook to appeal from two judgments of the probate court of Cross County, one being a judgment of allowance of a claim against the estate of appellee's decedent, and the other a judgment directing the sale of real estate of the decedent by said administrator. The circuit court dismissed both of said appeals, and an appeal has been prosecuted to this court from the order of dismissal. The transcript of the record sent up from the probate court shows that the appellant appeared in that court and had himself made a party to the proceedings on the part of the administrator to procure the order of sale, and the record shows that the probate court granted the appeal from the order of sale, and also from the order allowing the claim against the estate. Appellant filed an affidavit for appeal in the form prescribed by the statute. It does not, however, appear in the record, either in the order making appellant a party, or in the affidavit for appeal, that he

was interested in the estate as a creditor or distributee. The record of the circuit court shows that the administrator filed a motion to dismiss the appeals, but the motion itself does not appear in the record. The court made an order dismissing the appeals and a few days later, during the same term, appellant filed his motion for reinstatement of the cause, which was overruled, and appellant saved his exceptions and prayed an appeal to the Supreme Court, which was granted and time was allowed for filing a bill of exceptions, but no bill of exceptions was in fact filed.

In the state of the record just prescribed we are compelled to indulge the presumption that the court's ruling in dismissing the appeals was based upon facts which justified it. *Billingsley* v. *Adams,* 102 Ark. 511.

It does not appear affirmatively anywhere in the record that appellant was interested in the estate, and appellee's motion to dismiss may have presented that or some other issue of fact for the consideration of the court concerning the interest of appellant in the proceedings and the right to prosecute an appeal. This presumption is strengthened by the fact that the court gave time (120 days) in which to file a bill of exceptions. It is true that the court at first entered an order of dismissal reciting that the motion to dismiss was heard upon the face of the record, but that order was set aside at the instance of appellant and the last order of dismissal contains no such recital, and it is fairly inferable that the court on the last presentation of the motion heard the matter on something more than the face of the record itself.

There being nothing to overcome the presumption of regularity and correctness of the court's order of dismissal, it follows that the judgment must be affirmed, and it is so ordered.