## HEARD *v.* McCABE.

### Opinion delivered July 2, 1917.

1. APPEAL AND ERROR—ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions it will be presumed that there was evidence to warrant the trial court in dismissing a portion of plaintiff's complaint.

2. PLEADING AND PRACTICE—VEXATIOUS SUIT—DISMISSAL.—A circuit court has authority to dismiss an action which is shown to be without merit, and brought for vexatious purposes solely, of harassing and annoying the person sued.

Appeal from Baxter Circuit Court; *J. B. Baker,* Judge; affirmed.

*Rhoton & Helm, Z. M. Horton* and *Hogue & Heard,* for appellant.

1. The contract was in the form of a written letter signed by appellee as set up in the first count. The second count was upon a *quantum meruit,* which was erroneously dismissed. Appellant found a purchaser and appellee sold the timber to the purchaser furnished by appellant.

2. It was error to allow the answer to interrogatory No. 11 of C. M. Pate to be so changed as to make it show that witness said the reverse of what he did say.

3. It was error to exclude the letters from appellant to Chess-Wymond Company, and those from that company to appellant. They were all competent.

4. Appellant was certainly entitled to recover on a *quantum meruit.* 66 Mo. App. 424; 59 Ga. 588.

5. The suit was not barred. 96 Ark. 681. The suit was within the three years. 93 Ark. 215; 102 *Id.* 65.

McCULLOCH, C. J. The bill of exceptions which appears in the record in this case has heretofore been stricken out by an order of the court on the ground that

it was not properly certified by the trial judge. We have before us, therefore, a case tried by a jury without the proceedings at the trial being preserved in a bill of exceptions, and we can only look to the state of the record itself to determine whether or not error was committed by the trial court.

It is urged that, notwithstanding the absence from the record of a bill of exceptions, there is error apparent on the face of the record in the ruling of the court striking out the second paragraph of appellant's complaint.

Appellant sued appellee in the circuit court of Baxter County, the subject-matter of the cause of action in each paragraph of the complaint being commissions alleged to have been earned by appellant on a sale of appellee's timber. The first paragraph of the complaint sets up a written contract between appellant and appellee whereby the latter employed the former to sell his land or timber for a commission of fifty cents per acre; and the second paragraph sets up an oral contract between said parties on the same date as the written contract set forth in the preceding paragraph for a sale of the same land and timber, and that it was a part of the agreement that appellee was to pay appellant for his services "whatever the services of the plaintiff to the defendant were really worth." It is alleged in each paragraph that the two contracts referred to were entered into between the parties "on or about the first day of March, 1909," and that appellant effected a sale of the timber on April 15, 1910. The present action was instituted February 24, 1913, although process was not served on appellee until August 23, 1913. Appellee filed a motion to dismiss the complaint on the ground that the litigation instituted by appellant was vexatious and without merit. It is alleged in the motion that appellant had previously brought an action against appellee in the circuit court of Searcy County on the same cause of action, and dismissed the same after all the testimony had been adduced before the jury, and subsequently instituted another action against appellee in the circuit court of Pulaski County on the

same cause of action and dismissed that action, too, after the trial of the cause had progressed beyond the introduction of evidence and approached a point of final submission to the jury.

It was further alleged in the motion that each of said prior actions had been instituted in counties other than that of appellee's residence, and that appellant had practiced deceit and had resorted to fraudulent artifices to induce appellee to come into those counties for the purpose of serving process on him, and that the present action, as well as the two prior ones, were instituted by appellant for vexatious purposes and solely to harass and annoy appellee into submitting to a compromise. It is alleged that there was no merit in the cause of action set forth in the complaint, and that the same were then barred by the statute of limitations.

The court heard the motion and entered an order overruling the motion so far as it related to the first paragraph of the complaint setting up the cause of action on the written contract, but sustaining the motion and dismissing the action as to the second paragraph, setting up an oral contract.

It appears from the record of the former proceedings that the complaint in the other action had been based upon the same cause of action as that set forth in the second paragraph. The cause then proceeded to trial on the first paragraph, appellee having filed his answer, and there was a verdict of the jury in appellee's favor. Appellant filed his motion for new trial, alleging, as one of the errors of the court, the ruling striking out the second paragraph of the complaint. The motion for new trial was overruled, and ninety days was given within which to file a bill of exceptions.

(1) In this state of the record we must assume that the ruling of the court upon the motion to dismiss was supported by sufficient evidence. If the court had the authority to dismiss the action on the allegations set forth in the motion, we must, in other words, assume that the evidence was sufficient to support the finding of

the court upon the issue of fact presented by the motion. *Billingsley* v. *Adams,* 102 Ark. 511; *Armstrong* v. *Lawson, Admr.,* 128 Ark. 39, 193 S. W. 258.

(2) The only remaining question is whether or not a circuit court has the power to dismiss an action which is shown to be without merit, and brought for vexatious purposes. The court in which an action is brought has that power if the facts just stated constitute grounds for abatement or dismissal. The fact that an action is brought through bad motive or for vexatious purposes is not sufficient to justify a dismissal, but where, in addition to that, it is shown that the cause is without merit and is brought solely for the purpose of harassing and annoying the person sued, then it may be dismissed by the court, for such conduct constitutes an abuse of the privilege of having an adjudication of asserted rights. 14 Cyc. 432. This principle was recognized in *Turrentine* v. *St. L. S. W. Ry. Co.,* 96 Ark. 181, and *Floyd* v. *Skillern,* 121 Ark. 454.

In the *Turrentine* case, *supra,* after holding that it was error for the trial court to dismiss an action solely on the ground that plaintiff had not paid the costs of a former action, we said: ''We do not mean to say that it is beyond the power of a trial court to dismiss an action found to have been instituted not in good faith, but vexatiously, for the purpose of harrassing and annoying the adversary party. This would be an abuse of process, which the court could correct by dismissal of the action.''

Giving the presumption, which we must, from the silence of the record, we hold that there is no error of the court shown in dismissing the second paragraph of appellant's complaint.

Judgment affirmed.