EDGAR *v.* BROWN.

## Opinion delivered July 1, 1918.

1. APPEAL AND ERROR—NECESSITY OF ENTRY OF JUDGMENT.—Where no judgment has been entered dismissing an appeal from the county to the circuit court, it devolves on aggrieved party to see that the judgment is entered in order to appeal therefrom.
2. APPEAL AND ERROR—DISMISSAL OF APPEAL—PRESUMPTION.—Where a judgment of the circuit court dismissing an appeal from the county court does not recite the matter set up in the motion nor whether the hearing was on the motion or testimony adduced at the hearing, but simply states that after hearing the court, being sufficiently advised, doth adjudge a dismissal of the appeal, and the motion to dismiss is not brought into the record by bill of exceptions, it will be presumed that the dismissal was upon facts which justified it.

Appeal from Craighead Circuit Court; *W. J. Driver,* Judge; affirmed.

*H. M. Mayes,* for appellants.

*Lamb & Frierson,* for appellees.

HUMPHREYS, J. Appellants prosecuted an appeal to the Craighead Circuit Court from the Craighead County Court establishing Drainage District No. 13 in Craighead County, Arkansas, on the 2d day of July, 1917. The transcript was filed in the circuit court on November 22, 1917, and on November 23 thereafter a motion was filed by appellees to dismiss the appeal. It seems that the motion was sustained, and the appeal dismissed, but no formal judgment of dismissal was entered of record.

Appellants also prosecuted an appeal from the judgment of the Craighead County Court, rendered September 5, 1917, fixing the assessments on the property in the district. The transcript was filed in the circuit court of said county on January 2, 1918. A written motion was filed on January 3, 1918, to dismiss the appeal from the judgment fixing said assessment. The formal judgment was entered on January 3, 1918, dismissing the appeal. In the judgment dismissing the appeal it was recited that the motion and arguments thereon were heard. The record fails to show whether it was heard upon the face of

the motion or upon evidence. The motion itself does not appear in the transcript.

Appellees insist, with reference to the first appeal, that, no judgment having been entered dismissing same, there was nothing to appeal from. This court has said that: "If the judgment or decree has been omitted from the record, it is within the rights of the losing party to move for an entry of it, and it is his duty to do so if he desires to appeal from it. It devolves upon him to take whatever steps are necessary to perfect his appeal." *Chatfield* v. *Barrett*, 108 Ark. 524.

Appellees have called the court's attention to the fact that their written motion to dismiss the second appeal does not appear in the transcript. The judgment of dismissal does not recite the matters set up in the motion, nor whether the hearing was on the face of the motion or testimony adduced at the hearing. It simply states that, after hearing, the court, being sufficiently advised, doth adjudge a dismissal of the appeal. If the motion had been brought into the record, it may have shown that the parties appealing were not aggrieved or may have set up some other matter which warranted the court in dismissing the appeal. If it was heard upon evidence, the facts may have warranted a dismissal of the appeal. In the case of *Armstrong* v. *Lawson*, 128 Ark. 39, a motion was filed to dismiss an appeal prosecuted to the circuit court from the probate court of Cross County. The motion in that case did not appear in the record. Time was given to prepare and file a bill of exceptions, presumably because the case was heard upon evidence. The bill of exceptions was not filed. This court ruled: "In the state of record just prescribed, we are compelled to indulge the presumption that the court's ruling in dismissing the appeal was based upon facts which justified it." We think the rule applied in that case is applicable to the case in hand. It is impossible to tell on the record before us whether the dismissal was warranted. Appellants should have perfected the record by incorporating the written motion for dismissal, and, if heard upon evi-

dence, should have brought the evidence into the record by bill of exceptions.

On the state of record before us, we must presume in favor of the orders of dismissal and affirm the case. It is so ordered.