### LARAMORE *v.* RADFORD.

#### Opinion delivered October 7, 1918.

APPEAL AND ERROR—PRESUMPTION.—Where the record of an appeal by a plaintiff from a justice of the peace shows that the defendant moved to dismiss the case, and that after hearing the evidence the court sustained the motion, and dismissed the case, and that plaintiff filed neither a motion for new trial nor a bill of exceptions, it will be presumed on appeal that such ruling was supported by sufficient evidence.

Appeal from Montgomery Circuit Court; *Scott Wood,* Judge; affirmed.

The appellant, *pro se.*

The inventory required by statute was filed. Kirby's Digest, § 56-7. The estate was exempt. *Ib.* § 72-4. The estate was not insolvent. The widow had a right to the horses and could dispose of them. *Ib.* § 74. She was not barred by failure to make appraisement or file the list in time. 67 Ark. 283.

*C. H. Herndon,* for appellee; *Jerry Witt,* of counsel.

No motion for new trial was filed nor is there any bill of exceptions. There is nothing before this court. 11 Ark. 190; 111 *Id.* 529; 90 *Id.* 316; 200 S. W. 132, and many others.

HART, J. This suit was commenced before a justice of the peace. There are no written pleadings contained in the record, but the transcript of the justice of the peace shows that on the 16th day of June, 1917, M. C. Laramore filed an affidavit against O. M. Radford, Public Administrator, for the replevin of two horses. On the 7th day of July, 1917, the parties appeared and evidence was heard on a motion of the defendant to dismiss the case. After hearing the evidence, it was ordered that the motion be overruled, and that the plaintiff recover of the defendant the property involved in the

action. The defendant filed an affidavit for appeal to the circuit court which was granted by the justice of the peace. The record shows that in the circuit court the following proceedings were had:

"In the Montgomery Circuit Court.

"February Term, 1918. (Feb. 5, 1918.)

"M. C. Laramore, Plaintiff,

vs.

"O. M. Radford, Public Admr., Defendant.

"Comes defendant and demurs to the jurisdiction of the court, and moves the court to dismiss the case. After hearing the evidence, the motion is sustained and the case is dismissed, to which ruling of the court the plaintiff excepts and prays an appeal to the Supreme Court, which is granted and plaintiff given 60 days to file bill of exceptions."

So far as the record discloses, the plaintiff neither filed a motion for a new trial nor a bill of exceptions. The record recites that the court, after hearing the evidence on the motion of the defendant to dismiss the case, sustained it. In this state of the record, we must assume that the ruling of the court upon the motion to dismiss was supported by sufficient evidence. The record does not show upon what particular ground the defendant asked the court to dismiss the case, but we must assume that if the court had authority to dismiss the action on any ground the evidence was sufficient to support the finding of the court upon the issue of fact presented by the motion. *Heard* v. *McCabe,* 130 Ark. 185; *Billingsley* v. *Adams,* 102 Ark. 511; *Armstrong* v. *Lawson,* 128 Ark. 39; and *James* v. *Dyer,* 31 Ark. 489.

It follows that the judgment must be affirmed.