JOHNSTON *v.* STATE.

## Opinion delivered March 1, 1920.

1. CRIMINAL LAW—MOTION FOR CONTINUANCE—NECESSITY OF BILL OF EXCEPTIONS.—Overruling a motion for continuance, assigned as ground for new trial, will not be considered on appeal where the bill of exceptions does not contain the motion for continuance nor show that any exceptions were saved to its overruling, though the motion for continuance is copied in the motion for new trial, which is brought into the bill of exceptions.

2. INTOXICATING LIQUORS—BURDEN OF PROOF OF SALE—INSTRUCTION.—In a prosecution for selling intoxicating liquor, an instruction which, in connection with the indictment, told the jury that it devolved upon the State to prove that the defendant sold some kind of liquor as charged in the indictment, *held* not misleading.

3. INTOXICATING LIQUORS — INDICTMENT.—An indictment charging defendant with "feloniously selling and giving away ardent, vinous, malt, spirituous and fermented liquors; and certain compounds and preparations thereof, commonly called tonics, bitters and medicated liquors," *held* sufficient.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*R. W. Holland,* for appellant.

1. The court abused its discretion in refusing the continuance and forcing defendant to trial. 107 Atl. 554; *Fountain* v. *State,* October Law Notes, pp. 123 and 107.

2. The court erred in refusing instruction No. 4 and the verdict is against the evidence. He was rushed into trial without a chance to procure his testimony.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The continuance was properly refused. The motions and overruling were not brought into the record by bill of exceptions.

2. Instruction No. 4 is not error and the verdict is supported by the testimony.

WOOD, J. The appellant appeals from a judgment convicting him of the crime of selling liquor.

Counsel was appointed by the court to defend appellant.

At the trial three witnesses testified that they had bought whiskey from appellant within three years prior to the finding of the indictment. Appellant introduced testimony tending to impeach the character of two of these witnesses for truth and morality.

The appellant testified that he had not sold any liquor as charged in the indictment and testified to facts specifically rebutting the testimony of the witnesses for the State.

The court gave, among others, the following instruction, No. 4: ''It devolves upon the State in a case of this kind to prove every material allegation in the indictment. And the material allegations in the indictment briefly stated are, 'that the defendant sold liquor, some kind of liquor, as mentioned in this indictment or any kind of intoxicating liquor; that that occurred in Pope County, Arkansas, within three years next before the finding of this indictment.' ''

One of the grounds of the motion for new trial is that the court erred in overruling appellant's motion for continuance.

The bill of exceptions does not show that any exceptions were saved to the overruling of appellant's motion for continuance. The motions themselves are not brought into the record by bill of exceptions and therefore we cannot consider this ground of appellant's motion for new trial. *Adkisson* v. *State, ante* p. 34, and cases cited.

While the motions for continuance are set out in the motion for new trial, and the motion for new trial is brought into the bill of exceptions, this does not meet the requirements that the motion for continuance and objections and exceptions to the ruling of the court thereto must be made to appear in the bill of exceptions.

The court did not err in giving instruction No. 4. When all of the language of the instruction is considered together, a fair interpretation of it is that the court meant to tell the jury that it devolved upon the State to

prove that the defendant had sold some kind of intoxicating liquor as charged in the indictment. When the language of the instruction is considered in connection with the language of the indictment its meaning is perfectly plain. The instruction, when thus considered, was not calculated to mislead the jury.

The indictment charged the appellant with "feloniously selling and giving away ardent, vinous, malt, spirituous and fermented liquors and alcoholic spirits and certain compounds and preparations thereof, commonly called tonics, bitters and medicated liquors, against the peace and dignity of the State of Arkansas."

It was a felony under the law of Arkansas to sell such liquor or any kind of intoxicating liquor mentioned in the indictment. Act 30, p. 98, of the Acts of 1915.

The evidence was sufficient to sustain the verdict.

There is no error, and the judgment must be affirmed.