HALE *v*. ROAD IMPROVEMENT DISTRICT No. 1.

Opinion delivered April 18, 1921.

1. APPEAL AND ERROR—CONTENTS OF BILL OF EXCEPTIONS.—On appeal from a judgment dismissing a cause, the bill of exceptions should incorporate the motion to dismiss and any testimony thereon.

2. APPEAL AND ERROR—PRESUMPTION FROM SILENCE OF BILL OF EXCEPTIONS.—Upon appeal from a dismissal of a cause, where the bill of exceptions does not show the motion to dismiss and what, if any, evidence was heard in the court below, it must be assumed that the trial court's ruling is correct.

3. APPEAL AND ERROR—QUESTIONS NOT RAISED BY BRIEFS.—Though appellee does not call attention to the absence of a motion for new trial and bill of exceptions, the rules of the court require that error assigned for reversal be properly presented by the record.

Appeal from Mississippi Circuit Court, Osceola District; *R. H. Dudley*, Judge; affirmed.

*J. T. Coston*, for appellant.

Sections 4 and 11 of act No. 380, Acts 1919, p. 1666, are to be read and construed together. It was the duty of the board to assess damages, and the landowner to commence an action for damages within twelve months for damages. The act should be construed as a whole and the purpose of the Legislature carried into effect. 158 S. W. 962-3; 202 *Id*. 833; 25 R. C. L., § 285; 56 Ark. 137.

*Davis, Costen & Harrison*, for appellee.

It was the duty of the board to assess, not only the benefits accruing to the land, but all damages. Act 380, Acts 1919, §§ 4 and 9. See, also, 212 S. W. 366; 215 *Id*. 614; 140 Ark. 241, 249-50. The court was correct in holding that section 4 was only to provide a remedy for the landholder where the change was made after the assessment of benefits to the land.

SMITH, J.   Appellant is the owner of lands in Road Improvement District No. 1 of Mississippi County, which was created by act 380 of the Acts of the General Assembly of 1919 (volume 2, Road Acts, page 1666).   The commissioners of the district filed a petition in the county court, praying authority to open a road through one tract of appellant's land and to widen an old road through other tracts of his land.   The county court made the order prayed for, and at the same time approved the plans of the commissioners for the improvement and the assessments of benefits.   In returning the assessments of benefits the commissioners awarded no damages for the new road or for the additional right-of-way taken in widening the old road.   Within six months thereafter appellant commenced this action by presenting a claim for damages in the county court, and upon the hearing of the claim the county court awarded compensation for damages to the land traversed by the new road, but denied compensation for the additional right-of-way taken in widening the old road.   An appeal was prosecuted from that order to the circuit court.   The judgment of the circuit court is as follows:

"On this day, January 11, 1921, this cause coming on to be heard on the motion of the defendant to strike this cause from the docket, and the court, being sufficiently advised, doth sustain said motion.

"It is therefore considered, ordered and adjudged that this case be stricken from the docket.   To which ruling and judgment of the court the plaintiff excepted at the time and prayed an appeal to the Supreme Court, which was granted."

The motion to dismiss, which the court below sustained, does not appear in the transcript, and there is no motion for a new trial or bill of exceptions.   We do not know, therefore, upon what allegations or testimony the court's action was based.   The motion itself, and any testimony which may have been offered on the hearing thereof, should have been incorporated in a bill of exceptions.   *Adkinson* v. *State,* 142 Ark. 34; *Johnson* v. *State,* 142 Ark. 402.

We must assume that some showing was made to invoke a ruling of the court; and we must presume that a correct ruling was made in the absence of the motion to dismiss and a bill of exceptions showing what was heard in the court below. *Van Hoozer* v. *Hendricks,* 143 Ark. 463; *Armstrong* v. *Lawson,* 128 Ark. 39; *Billingsley* v. *Adams,* 102 Ark. 511; *Laramore* v. *Radford,* 135 Ark. 494; *St. Louis, I. M. & S. Ry. Co.* v. *Murphy,* 38 Ark. 456.

Appellee does not call attention to the absence of a motion for a new trial and bill of exceptions; but the rules of procedure of this court require us, before reversing a judgment of the court below, to see that the error assigned for the reversal is properly presented by the record in the case.

The record in the case of *Edgar* v. *Brown, ante,* p. 314, was identical with the one now before us. In that case we said: ''The judgment of dismissal does not recite the matters set up in the motion, nor whether the hearing was on the face of the motion or testimony adduced at the hearing. It simply states that, after hearing, the court, being sufficiently advised, doth adjudge a dismissal of the appeal. If the motion had been brought into the record, it may have shown that the parties appealing were not aggrieved, or may have set up some other matter which warranted the court in dismissing the appeal. If it was heard upon evidence, the facts may have warranted a dismissal of the appeal. * * * It is impossible to tell on the record before us whether the dismissal was warranted. Appellant should have perfected the record by incorporating the written motion for dismissal, and if heard upon evidence should have brought the evidence into the record by a bill of exceptions.''

On the state of the record before us we must presume in favor of the order of dismissal and affirm the case, and it is so ordered.

### OPINION ON REHEARING.

Smith, J. Counsel, in petition for rehearing, attempts to distinguish the instant case from that of *Edgar* v. *Brown, supra,* by stating that here the motion to dismiss

was oral, while there it was in writing. It does not appear from the record before us, whether the motion was oral or in writing; but, assuming that the motion on which the court acted was oral, the reasoning of the court in *Edgar* v. *Brown* is still applicable. The point is that there was a motion to dismiss the appeal, and some showing must have been made to have invoked that action by the court. Testimony may have been heard which warranted that action. Counsel says that no competent testimony could have been heard on that motion; but in this he is mistaken, as appears from what we said in *Edgar* v. *Brown, supra.*

Looking only to the record before us, it appears that the appeal from the county court was dismissed, and, as it does not affirmatively appear that the court erred in making that order, the petition for rehearing is overruled.