## BAGGETT *v.* STATE.

Opinion delivered June 26, 1922.

1. TIME—MODE OF COMPUTATION.—Where on March 9th, after motion for new trial overruled, defendant was granted 45 days to file a bill of exceptions, the filing of such bill on April 24th following was not valid; the time being computed by excluding the first and including the last day of the period allowed.

2. CRIMINAL LAW—MATTERS REVIEWABLE.—The overruling of a motion for a continuance will not be considered, in the absence of a bill of exceptions containing the motion and showing that an exception to the court's ruling was saved.

Appeal from Howard Circuit Court, *James S. Steel,* Judge; affirmed.

Appellant *pro se.*

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HART, J. Kelsey Baggett prosecutes this appeal to reverse a judgment of conviction against him for the statutory crime of deserting his wife without good cause.

He was given forty-five days within which to prepare and file his bill of exceptions. There is in the transcript what purports to be a bill of exceptions in the case.

It was not filed within forty-five days, according to the rule laid down in the case of *Early & Co.* v. *Maxwell & Co.,* 103 Ark. 569.

In that case the court held that where time is allowed by the trial judge for filing a bill of exceptions beyond the term, for a given number of days, the rule for computing the time allowed is to exclude the day on which the order granting the time is made and include the last day.

The motion for a new trial was overruled, and the defendant granted forty-five days to prepare and file his bill of exceptions on March 9, 1922. The purported bill of exceptions was not filed until the 24th day of April, 1922. This was not within the time given, and we cannot, therefore, consider the assignments of error in it.

One of the alleged assignments of error is that the court erred in refusing to grant the defendant a motion for a continuance.

In *Johnson* v. *State,* 142 Ark. 402, it was held that the overruling of a motion for a continuance will not be considered on appeal where the bill of exceptions does not contain the motion or show that any exceptions were saved to its overruling.

The other alleged assignments of error relate to the admissibility of evidence and the instructions given or refused by the court. That we cannot consider these matters in the absence of a bill of exceptions is so well settled in this State that no citation of authorities on the point is necessary.

There is no error on the face of the record, and the judgment must therefore be affirmed.