HELTON *v.* HOWE.

Opinion delivered January 28, 1924.

1. APPEAL AND ERROR—APPEALABLE ORDER—RELEASE OF GARNISH-
   MENT.—As a garnishment proceeding is ancillary to the main
   action, an order releasing the garnishee is final and appealable.

2. APPEAL AND ERROR—PRESUMPTION IN FAVOR OF JUDGMENT.—
   Where the plaintiff gave bond required by Crawford & Moses'
   Dig., § 4906, as a prerequisite for the issuance of garnishment
   before judgment, and subsequently released the surety on its
   application, but granted leave to plaintiff to file a new bond,
   which was not done, whereupon the garnishee was discharged,
   *held,* in the absence of a showing in the record to the contrary,

it will be presumed that the court acted upon evidence sufficient to sustain the order releasing the surety and discharging the garnishee.

Appeal from Pulaski Circuit Court, Third Division; *A. F. House,* Judge; affirmed.

*Walter M. Purvis,* for appellant.

1. The circuit court was without jurisdiction. The surety's remedy, if any, was in equity. 2 Chitty, 225; 40 Cent. Dig. Prohibition, §§ 35-56. For test of jurisdiction in this case see 17 Standard Proc., 660. The jurisdiction in the first instance must be determined by the allegations in the complaint. 7 Ark. 260; 123 Ark. 40; 184 S. W. 416. See also 99 N. W. 909; 121 Wis. 127; 2 How. (U. S.) 319, 11 Law. ed., 283; 101 Ark. 193; 141 S. W. 1167.

2. In an action at law, one is not entitled to have a bond vacated on the ground that he was induced to execute it by false representations. 8 Cent. Dig., 965, § 42.

3. There was no ground for equitable relief. 65 Hun 622; 20 N. Y. Supp. 152; 8 Cent. Dig., 45, § 33. See also 171 Pa. St. 632; 5 Wash. 584; 8 Cent. Dig., 53, § 39; *Id.* 65, § 42; 34 Pa. St. 365.

4. Two issues are presented here, one between the plaintiff and defendant, and one between the plaintiff and his surety. 34 Okla. 796, 127 Pa. 481. Garnishment is purely a statutory remedy in this country, and has no existence in the absence of statutory authority. 198 U. S. 215, 49 Law. ed. 1023; 130 Mass. 86; 40 Wash. 443, 82 Pa. 875; 2 L. R. A. (N. S.) 568. By these authorities it is obvious that the garnishment proceeding is an adversary proceeding. The service of the writ fixes a lien upon money or property in the possession of the garnishee. 3 Ark. 101; *Id.* 509; 6 Ark. 391; 18 Ark. 249; 72 Ark. 350; 91 Ark. 252; 101 Ark. 193.

5. Courts lose control of their judgments after the lapse of the term, and, in the absence of statutory authority, cannot alter or vacate them at a subsequent term. 144 Ark. 301; 222 S. W. 57.

*Gus Fulk, Frank Pittard* and *Martin K. Fulk*, for Southern Surety Company.

The order complained of in this case is not a final and appealable order within the meaning of the statute. C. & M. Digest, § 2129; 10 Ark. 633; 26 Ark. 51; 5 Ark. 399; 117 Ark. 36; Freeman on Judgments, 37; 99 Pac. 1000, 35 Utah 213.

*McConnell & Henderson,* for ;W. B. Worthen Company.

The order was not final. It has not yet been determined that the plaintiff is entitled to recover anything from the defendant. 91 Ark. 112; 70 Ark. 127. The supersedeas is a complete release and protection to the garnishee. 126 Ark. 7; 144 Ark. 149.

McCulloch, C. J. Appellant instituted an action below against W. T. Howe, one of the appellees, to recover damages on account of alleged wrongful act of said appellee, and, at the time of the commencement of the action, appellant sued out a writ of garnishment against appellee, W. B. Worthen Company, a domestic corporation. Appellant gave bond required by the statute as a prerequisite for the issuance of garnishment before judgment. Crawford & Moses' Digest, § 4906. The garnishee answered, admitting that it held funds belonging to Howe, defendant in the action. The surety on the bond originally filed by appellant appeared in court and moved to be released from the bond; the motion was sustained, and appellant was granted leave to file a substituted bond, which was done, with the Southern Surety Company as surety thereon. On a later day, during the pendency of the action, the Southern Surety Company filed its application in the action to be released from the bond, and, on hearing the application, the court granted it and ordered the said surety to be released, but granted leave to appellant to file a new bond within the time specified by the court—two days from the order releasing the surety. Appellant declined to file a new bond, but stood upon the order of the court releasing the surety

and discharging the garnishee, and has prosecuted an appeal to this court.

A motion has been filed by the appellees to dismiss the appeal on the ground that the order releasing the surety and discharging the garnishee was not final. We think that this contention is unsound. The garnishment is a proceeding which is ancillary to the main action between plaintiff and defendant, and the order releasing the garnishee finally disposes of that part of the action, and the order is appealable. *Hatheway* v. *Jones,* 20 Ark. 109. If this were not so, a plaintiff would be without a remedy to correct an erroneous order or judgment of the court discharging a garnishee, if the order of discharge was entered before the disposition of the main action. The injury sustained by the dismissal of the garnishment would be irreparable if the defendant should prove to be insolvent and the plaintiff should recover in the action against him. Our conclusion is that the case is properly here on appeal to review the action of the court in discharging the garnishee.

It is contended, in the first place, that the order discharging the garnishee was erroneous because it was rendered without notice. The record does not sustain this contention. The first entry made by the court of its order in this matter recited that appellant was present by his attorney, but there was a correction of this entry on a later day to show that appellant was not present, but that he had notice of the proceeding. This is borne out by the further fact that appellant filed his response to the application of the surety for release.

It is contended that the order of the court is not justified by the facts, and that it is void for want of jurisdiction of the court to make such an order. The statute authorizing and regulating garnishments before judgment confers no authority, in express terms, for a court to release the surety on the plaintiff's bond, nor to discharge the garnishee, prior to the final judgment in the case, except when the garnishee answers and surrenders the funds or other property alleged to be in his

hands. But an application by the surety for release from the bond raises an issue between the surety and the plaintiff in the case, and the court has power to grant relief to the surety upon proper showing that the signature of the surety was obtained by fraud. The rights of the defendant in the action and the garnishee can be protected by an order requiring a new bond, or, on failure to give a new bond, that the garnishee be discharged, as was done in the present case. In the absence of a showing in the record to the contrary, by bill of exceptions or otherwise, we must indulge the presumption that the court acted upon evidence sufficient to justify the petition, and sustain the order releasing the surety and discharging the garnishment. *Billingsley* v. *Adams,* 102 Ark. 511; *Armstrong* v. *Lawson,* 128 Ark. 39; *Heard* v. *McCabe,* 130 Ark. 185; *Laramore* v. *Radford,* 135 Ark. 494.

The judgment releasing the surety and discharging the garnishment is therefore affirmed.