ROTH TOBACCO COMPANY *v.* LAYTON DEPARTMENT STORE.

Opinion delivered March 17, 1924.

1. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF EVIDENCE.— Where a motion to quash service of summons was heard by the court on testimony not preserved in the record, the presumption will be indulged on appeal that the evidence was sufficient to sustain the court's finding.

2. APPEAL AND ERROR—BRINGING UP EVIDENCE.—Where the trial court overruled a motion to quash the service of summons, and it does not appear by the recitals of the judgment or by bill of exceptions what evidence was heard, it will be presumed on appeal that facts introduced on the hearing warranted the court in overruling the motion.

Appeal from Marion Circuit Court; *J. M. Shinn,* Judge; affirmed.

*J. F. Wills,* for appellant.

Service upon a mere agent of a corporation is not sufficient, unless specifically permitted by statute.   32 Cyc. 552; 123 Fed. 614; 53 N. J. L. 150.

*Floyd & Floyd,* for appellee.

Matters complained of on appeal, together with the objections and exceptions to the rulings, must be brought

into the record by bill of exceptions. 2 Ark. 14; 96 Ark. 379; 131 S. W. 876. Alleged errors will not be reviewed unless preserved in bill of exceptions. 38 Ark. 456; 59 Ark. 178; 26 S. W. 827. On an appeal from an order overruling motion to set aside a judgment or to quash service, it is necessary to file a bill of exceptions. 95 Ark. 302; 129 S. ¡W. 1104; 119 S. W. 266; 90 Ark. 482. Where the defendant is a foreign corporation having an agent in this State, the service may be upon such agent. Section 1151, C. & M. Digest; 69 Ark. 396; 63 S. W. 999; 173 U. S. 221, 19 Sup. Ct. 402, 43 L. ed. 675; 59 Ark. 583; 28 S. W. 420.

HART, J. This suit was brought in the circuit court by Layton Department Store, a domestic corporation, against Roth Tobacco Company, a foreign corporation, to rescind a contract for the sale of tobacco by the defendant to the plaintiff, and to recover the consideration paid by the plaintiff to the defendant. The plaintiff recovered judgment against the defendant for $518.40, the amount sued for. From the judgment rendered, the defendant has duly prosecuted an appeal to this court.

It is claimed by counsel for the defendant that the circuit court erred in overruling its motion to quash the service of summons. This motion was heard by the court upon testimony that has not been preserved in the record, and we must therefore indulge the presumption that there was sufficient evidence to sustain the finding of the court, if it is not contrary to law.

One of the grounds of the motion to quash the service of summons is that the party upon whom the summons was served was not such an agent as service of summons could be properly had upon. We must indulge the presumption that the evidence warranted the court in finding that the service of summons upon the defendant was proper under the evidence introduced. *Vulcan Construction Co.* v. *Harrison,* 95 Ark. 588; *Hale* v. *Road Imp. Dist. No. 1,* 148 Ark. 316, and cases cited; and *Helton* v. *Howe,* 162 Ark. 243.

There is in the transcript what purports to be the evidence heard on the motion to quash the service of summons; but this purported evidence is not authenticated by a bill of exceptions or brought into the record by any other appropriate method. Hence, under the familiar rules of practice in this court, the purported evidence cannot be considered by us on appeal.

The record recites that the motion to quash the service came on to be heard before the court, and that the court, after hearing the argument of counsel, and being fully advised as to the law arising on the motion, is of the opinion that it should be overruled. Judgment was rendered overruling the motion.

If counsel wishes to limit the consideration of the motion to quash the service to the return of the sheriff, the judgment should have recited that it was submitted upon the motion and the return of the sheriff on the summons. Inasmuch as the judgment simply states that the motion came on to be heard, and that, after hearing the argument of counsel, the court, being sufficiently advised, overruled the motion, the presumption is that facts may have been introduced upon the hearing of the motion which warranted the court in overruling it.

No other assignment of error is presented for a reversal of the judgment, and it follows that the judgment must be affirmed.