MIDDLETON *v.* CLARDY.

Opinion delivered December 1, 1924.

1. JUSTICES OF THE PEACE—APPEAL—NECESSITY OF AFFIDAVIT.—As the statutory affidavit is a prerequisite to an appeal from a justice of the peace, no jurisdiction is acquired in its absence.

2. JUSTICES OF THE PEACE—RECOVERY ON APPEAL BOND.—Where an appeal bond filed on appeal from a justice of the peace to the circuit court made the surety liable for the judgment of the justice of the peace with costs, in the event of the dismissal of the appeal, dismissal of the appeal for want of an affidavit did not preclude recovery on the appeal bond.

3. LIMITATION OF ACTIONS—RIGHT OF ACTION ON APPEAL BOND.—No right of action accrued on an appeal bond filed with a justice of the peace until dismissal of the appeal in the circuit court.

Appeal from Greene Circuit Court, First Division; *G. E. Keck,* Judge; affirmed.

*Jeff Bratton,* for appellant.

*H. W. Applegate,* for appellee.

HUMPHREYS, J. This suit is predicated upon an appeal bond given to supersede a judgment for $125 obtained in a magistrate's court in Craighead County by appellee against the Bear State Life & Accident Insurance Company. The bond was executed on the 21st day of September, 1917, and was signed by appellant as surety. In attempting to appeal the case to the circuit court of said county, Jonesboro Division, said insurance company failed to make an affidavit for an appeal, and, at the instance of appellee, the appeal was dismissed by the circuit court on the 7th day of May, 1921, before any substantive step had been taken in the case. The bond contained a provision that the surety would pay the judgment of the justice of the peace, together with the costs of the appeal, in case the appeal should be dismissed. On the 1st day of September, 1923, this suit was instituted in the circuit court of Greene County, First Division, against appellant, the surety in the bond, to recover the judgment, with interest and the cost of the appeal.

Appellant filed an answer denying the allegations in the complaint and pleading the five-year statute of limi-

tations in bar of the action. The cause was tried upon the pleadings and testimony, resulting in a judgment in favor of appellee for $170.41, from which is this appeal.

Appellant first contends for a reversal of the judgment upon the alleged ground that the circuit court of Greene County had no jurisdiction of the cause. It is argued that, because the appeal was dismissed for the want of an affidavit, a judgment could not be rendered by any court upon the bond. The case of *Billingsley* v. *Adams,* 102 Ark. 511, is cited in support of the contention. It was ruled in that case that the court to which the appeal was taken acquired no jurisdiction over the case, because an affidavit is a necessary prerequisite for an appeal. It was not ruled in that case, however, as contended by appellant, that the appellee was without a remedy upon the bond. The bond was a binding obligation, upon which suit might have been brought and a recovery had in any court having jurisdiction of the amount involved.

Appellant next contends for a reversal of the judgment upon the alleged ground that the action was barred by the five-year statute of limitations at the time it was instituted. This contention is based upon the fact that the suit was brought more than five years after the bond was executed and filed with the justice of the peace. The right of action on the bond did not accrue on the date that same was executed and filed, but when the case of appellee against the Bear State Life & Accident Insurance Company was dismissed by the circuit court of Craighead County, which was on the 7th day of May, 1921. The instant suit was commenced on September 1, 1923, or within five years after the dismissal of the appeal, and is not barred by the statute of limitations.

No error appearing, the judgment is affirmed.