INDEPENDENT REALTY COMPANY and another, Appellants, vs. INDEPENDENT MILWAUKEE BREWERY and others, Respondents.

*February 5—March 3, 1936.*

606

*M. J. Levin* of Milwaukee, for the appellants.

For the respondents Independent Milwaukee Brewery, Henry N. Bills, and Harry E. Bills, there was a brief by *Affeldt & Lichtsinn* of Milwaukee, and oral argument by *George A. Affeldt.*

For the respondents H. Newman Bills and Fred K. Elsner there was a brief by *Olwell & Brady* of Milwaukee.

FOWLER, J.   The plaintiff V. J. Starszak sues in his own behalf and for the plaintiff corporation as president thereof. The relief demanded is that the plaintiff corporation be "divorced and separated" from the defendant corporation; that the individual defendants, H. E. and H. N. Bills, be enjoined from "interfering with the affairs" of the plaintiff corporation; and that the plaintiff be allowed to carry on his duties "as president of the plaintiff corporation."

It appears from the complaint that the plaintiff is a corporation organized to conduct the business of "selling, leasing, renting and loaning fixtures and furniture used in taverns and in connection with the sale of beer and brewery

products." The defendant corporation is engaged in the brewery business. The individual defendants, H. E. and H. N. Bills, are stockholders, officers, and directors of the defendant corporation. The articles of the plaintiff corporation provide that the president of the plaintiff corporation "shall be general executive and officer of said [plaintiff] corporation and have a general supervision of the affairs of the corporation." That the individual defendants, H. Newman Bills (not the above-named H. N. Bills) and F. K. Elsner, are in the employ of the defendant corporation and are the vice-president and the secretary-treasurer of the plaintiff corporation and related to the other individual defendants. That the individual defendants "have conspired to oppressively and illegally take over the active management and affairs of the plaintiff corporation," and pursuant thereto have refused to allow the plaintiff to act as president and perform his above-designated duties; that the affairs of the plaintiff corporation are transacted by and as a part of the defendant corporation; and that the individual defendants have made the plaintiff corporation a mere agent of the defendant corporation and "a mere sham and shadow."

With the summons and complaint there was served upon the defendants a notice of an application of the plaintiff for an order permitting him as a stockholder to examine the books and records of the plaintiff corporation.

The answer of defendants Elsner and H. Newman Bills denies the allegations of the complaint respecting conspiracy, and the acts pursuant thereto above stated. It states that the stock of plaintiff corporation consists of five hundred authorized shares, four hundred ninety-eight of which were subscribed for by and issued, one hundred sixty-six each, to defendants H. E. Bills, H. Newman Bills, and Elsner, and that these three became the officers and directors of the corporation. That H. E. Bills transferred his stock to the other two

stockholders and resigned as president and director. That the plaintiff Starszak never subscribed for or paid for any stock of the corporation, and that·the defendants H. Newman Bills and Elsner now own all of the issued corporate stock. That plaintiff Starszak was an employee of the defendant corporation, and to qualify him to act as one of the three required directors of the plaintiff corporation, the defendant Elsner caused one share of his stock acquired from H. E. Bills to be "recorded in the name" of said plaintiff, but that said stock was not then or ever purchased by him, and he did not then or ever acquire any beneficial interest therein, and said share is owned by and in possession of Elsner. That, upon the recording of said share in the name of Starszak, the other two directors elected him as a director and president of the corporation. That in August, 1934, Starszak ceased to be an employee of the defendant corporation, and that thereafter Starszak took no part in the affairs thereof, except to initiate and continue a course of conduct culminating in the institution of this instant suit. That the suit is designed to coerce the defendants into paying him money to refrain from causing them trouble for insinuated violations of law. That the directors of the corporation or the stockholders never authorized Starszak to commence the instant suit in behalf of the corporation. That, after the institution of the suit, said Bills and Elsner endeavored to get Starszak to call a stockholders' meeting for the purpose of electing a new board of directors. He refused to call a meeting as requested, and that thereupon they as the only stockholders of the corporation called a meeting for such purpose to be held on August 5, 1935, and served notice thereof on Starszak. That Starszak thereupon noticed an adverse examination of both Elsner and H. Newman Bills to be held on August 3, 1935. That upon service of such notice defendant Elsner on advice of counsel turned in said

share of stock on the stock books in the name of Starszak and caused a new certificate to be issued in his own name and entered on the corporate books. The answering defendants then moved the court to dismiss the plaintiff Starszak's motion for an order authorizing him to examine the corporate books and records; to suppress the adverse examination; to dismiss the suit because not tenable by Starszak as a stockholder and director of the defendant corporation or in any other capacity; to dismiss the suit as not tenable by the plaintiff corporation; and to terminate any apparent authority on the part of plaintiff's attorney to act or appear for the plaintiff corporation in the suit.

An affidavit of the answering defendants was filed in support of their motion which somewhat broadened the statements of their answer. An affidavit of Starszak was filed, reciting that it was "in support of" the motions of the answering defendants above stated, but in view of his subsequent appeal to this court we infer it was intended as in opposition thereto. This affidavit did not deny any of the facts stated by the defendant relating to the one share of stock formerly on the books of the plaintiff corporation in his name, or that Starszak has been superseded as president and director of the defendant corporation. This affidavit states that the plaintiff corporation executed numerous "leases and agreements covering its property to various tavern keepers," and that the answering defendants, to induce the lessees to purchase their beer from the defendant corporation, have ceased to collect the rentals due under said leases and agreements.

The court, on hearing said motions, dismissed the action, with costs to the answering defendants as against plaintiff Starszak upon the expressed grounds that the action "was not meritorious and was commenced and prosecuted without good faith, and for the purpose of harassing the defend-

ants," and that Starszak had "no real standing to bring an action of the character disclosed either in his own behalf or in behalf of the corporation." The plaintiffs, upon notice signed by the attorney who signed the summons, have appealed from the judgment.

The appellants treat the judgment as one entered under the summary-judgment statute, sec. 270.635, Stats., and contend that the case does not fall within the statute, and should have taken its regular place upon the calendar and been tried upon the issues raised by the pleadings when regularly reached. The judgment need not be, and is not, so considered. It is considered as the trial court considered it, a dismissal of the case because it is obviously without merit, was maliciously commenced, and is maliciously prosecuted.

It is manifest in view of the admitted facts respecting Starszak's want of beneficial interest in the defendant corporation, from statements of the complaint as to the relations and business of the defendants, and from the statement in Starszak's affidavit referred to, that Starszak is attempting to use the court as an instrument of blackmail. He is evidently demanding hush money for not reporting to the authorities either facts or falsehoods showing violation by the defendant corporation of sec. 176.17 (3), Stats., which prohibits manufacturers of beer from "furnishing, giving, lending, renting, or selling any equipment, fixtures, or supplies to any person selling their products, directly or indirectly, or through any subsidiary or affiliate." The courts will not permit their use for any such purpose. As soon as it appears that an action is being prosecuted for any such purpose a court should of its own motion dismiss the action. The following cases support this view: *Kirby v. Pease*, 33 Wash. 511, 74 Pac. 665; *Heard v. McCabe*, 130 Ark. 185, 196 S. W. 917; *O'Connell v. Mason* (C. C. A.), 132 Fed. 245; *Lukens v. Old Colony Life Ins. Co.* 201 Ill. App. 19;

*Stewart v. Butler,* 27 Misc. 708, 59 N. Y. Supp. 573; *Merritt & Dyckman v. Merritt & Lyon,* 16 Wend. (N. Y.) 405.

The reasons for the dismissal may appear from affidavits presented in support of the motion to dismiss if not denied. *Stewart v. Butler, supra; Kirby v. Pease, supra.* Such conduct constitutes an abuse of the privilege of having an adjudication of asserted rights. *Heard v. McCabe, supra.* It is contemptuous. *Kirby v. Pease, supra.*

We do not wish to be understood as holding that, if a meritorious cause of action is stated by a complaint, the complaint may be dismissed because the plaintiff is actuated by improper motives in prosecuting it. But where it appears from a showing made upon some motion properly made in the case that the complaint is without merit and maliciously prosecuted, as in the instant case, dismissal is not only proper but imperative, and the court should act on its own initiative. Two motions were pending in this case, both of which were proper—to dismiss the plaintiff's motion for an order permitting the examination of the plaintiff corporation's books, and to quash the adverse examination of the defendants. Affidavits were properly presented and receivable in support of, and in opposition to, these motions. From undenied statements in the defendants' showing and the statements made in plaintiff's showing on these motions, both want of a meritorious action and malice of the plaintiff Starszak plainly appeared.

*By the Court.*—The judgment of the circuit court is affirmed.